**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0046n.06
Filed: January 18, 2007

**No. 05-4388**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KEVIN GRANT, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, NORRIS, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Defendant-Appellant Kevin Grant ("Grant")

pled guilty to violations of 18 U.S.C. §§ 924(c), 1956(h) and 21 U.S.C. § 848. Following entry of

his plea and a hearing, the district court sentenced Grant to twenty-five years in prison, the minimum

sentence that the district court could, by statute, impose. Claiming that the government lacked a

sufficient factual basis for a violation of 18 U.S.C. § 924(c) as required under Fed. R. Crim. Proc.

11(b)(3), Grant seeks to have his plea and sentence on that charge vacated. Grant also seeks vacatur

of his sentence for the remaining convictions, claiming that the district court improperly calculated

the applicable sentencing range under the United States Sentencing Guidelines. Finally, Grant

claims that his counsel was ineffective in advising him about his guilty plea to the § 924(c) violation

1

and during the sentencing hearing. For the reasons that follow, we affirm the judgment and sentence of the district court.

## I.

On April 15, 2005, Grant pled guilty to three separate offenses: (1) conspiracy to launder money in violation of 18 U.S.C. § 1956(h); (2) operation of a continuing criminal enterprise in violation of 21 U.S.C. § 848; and (3) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).

Following entry of his plea, the Probation Department compiled a Presentence Investigation Report ("PSR"). The PSR assigned Grant a total offense level of 37 and placed him in Criminal History Category V. As a result, the Guidelines called for 324 to 405 months imprisonment. Under the applicable statutes, the minimum sentence that the district court could have imposed is twenty-five years: twenty years for the continuing criminal enterprise count and five years, to be served consecutively, for the firearm violation. *See* 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii); 21 U.S.C. § 848(a). The money laundering statute has no statutory minimum. *See* 18 U.S.C. § 1956(a).

On October 6, 2005, the district court, following a hearing, sentenced Grant to twenty-five years in prison.

## II.

### A.

Grant first challenges the district court's acceptance of his plea of guilty to a violation of 18 U.S.C. § 924(c). He argues that the district court violated Fed. R. Crim. Proc. 11(b)(3) by accepting his guilty plea with an insufficient factual basis. We review a district court's compliance with Rule 11 for abuse of discretion. *United States v. Bennett*, 291 F.3d 888, 894 (6th Cir. 2002). Specifically,

with respect to the "factual basis" requirement, "the exact method of producing a factual basis on the record is subject to a flexible standard of review, [but] the need to have some factual basis [is] a rule subject to no exceptions." *United States v. Turner*, 272 F.3d 380, 384 (6th Cir. 2001) (internal quotation marks omitted). The district court must satisfy itself that there is a factual basis to support each element of the crime to which the defendant seeks to enter a guilty plea. *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir. 1995).

During his Rule 11 hearing, Grant pled guilty to a violation of 18 U.S.C. § 924(c)(1)(A). Specifically, the indictment charged Grant with the possession of a firearm in furtherance of a drug trafficking crime. The relevant portion of § 924(c)(1)(A) defines two separate offenses: the first criminalizes carrying or using a firearm during and in relation to a drug trafficking offense (the "use/carry" offense), and the second criminalizes possession of a firearm in furtherance of a drug trafficking crime (the "possession" offense). *United States v. Combs*, 369 F.3d 925, 932 (6th Cir. 2004). Each crime requires different proof. *Id.* With respect to the possession crime, the government must show that the "firearm was possessed to advance or promote the commission of the underlying [drug trafficking] offense." *Id.* at 933 (quoting *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001)). There must be "a specific nexus between the [possession of] the gun and the crime charged." *Mackey*, 265 F.3d at 462. Thus, the government must have been able to prove three essential elements to establish Grant's guilt under § 924(c)(1)(A): (1) possession of a firearm; (2) commission of a drug trafficking offense; and (3) a specific nexus between that possession and the relevant drug trafficking offense.

There can be little doubt as to the sufficiency of the factual basis for the § 924(c) plea. The government was prepared to present evidence that on August 27, 2004, government agents executed

3

a search warrant on Grant's residence and found a 9 mm pistol and ammunition in a bedroom in which 168.8 grams of heroin were also found. Moreover, through electronic surveillance, the government was able to record a conversation in which Grant referred to his possession of a firearm as a means of providing himself protection while he was engaged in the drug trafficking business.

The factual record before the district court clearly showed that the government was in a position to prove that Grant possessed a firearm with the goal of furthering his drug trafficking business. His statement that the gun was intended to provide protection as he engaged in drug transactions clearly satisfies the nexus requirement established by this circuit for a § 924(c)(1)(A) possession conviction. No further showing need have been made. Accordingly, the district court did not abuse its discretion in finding that there was a sufficient factual basis to support Grant's guilty plea.

Grant argues the record is insufficient to provide the necessary factual basis. The crux of his argument is that mere possession of a firearm is insufficient to support a conviction under § 924(c)(1)(A) and that the government must be able to show that the firearm was used during and in relation to a drug trafficking offense. However, this additional showing is required only to establish a violation of the "use/carry" offense.[1] Grant pled guilty to the *possession* crime, and his reliance on authority that addresses the use/carry offense is misplaced.

B.

_____

[1]Grant also relies on the Supreme Court's decision in *United States v. Bailey*, 516 U.S. 137 (1995), for the proposition that something more than possession of a firearm must be shown in order to support a conviction under § 924(c)(1)(A). While this is a correct reading of *Bailey*, *Bailey* addresses only the use/carry offense. Congress added the possession offense to § 924(c)(1)(A) in response to *Bailey*. The nexus requirement identified by this court in *Mackey* and *Combs* is the showing required in addition to possession for the possession offense.

4

Grant next challenges the district court's Guidelines calculations. We need not address this issue because any alleged errors in the Guidelines were harmless as Grant received the minimum sentence authorized by statute. *Cf. United States v. Goliday*, 145 F. App'x 502, 507 (6th Cir. 2005) (noting there was no need to remand for a *Booker* error where the defendant received the minimum statutory sentence); *United States v. Johnson*, 129 F. App'x 966, 972 (6th Cir. 2005) (same).

## C.

Finally, Grant argues that his § 924(c)(1)(A) conviction and entire sentence should be set aside because he received constitutionally ineffective assistance of counsel as defined by *Strickland v. Washington*, 466 U.S. 668 (1984). Such claims are generally inappropriate for resolution on direct appeal because the necessary factual record will often be inadequate. In addition, appellate courts are generally not as well-equipped as trial courts to conduct the necessary factfinding. *See, e.g., United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir. 2001). We see no reason to deviate from this general rule here and therefore decline to review Grant's *Strickland* claims at this time.

## III.

For the foregoing reasons, we affirm the judgment and sentence rendered by the district court.