[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11807
Non-Argument Calendar

_____

D. C. Docket No. 93-00532-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARSENIO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 31, 2007)**

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Arsenio Garcia appeals the district court's order granting a sentence

reduction based on substantial assistance under Fed.R.Crim.P. 35(b). On appeal, Garcia argues that the district court erred by considering factors other than his substantial assistance, such as the nature and circumstances of the underlying offense and his prior criminal history, in determining the extent of the reduction. In alternative, he argues the sentencing court erred by reducing his sentence pursuant to a fixed sentencing policy instead of conducting an individualized examination of the nature and extent of his substantial assistance.

We do not generally review the refusal to grant a substantial-assistance departure or the extent of a departure. United States v. Luiz, 102 F.3d 466, 468 (11th Cir. 1996) (discussing a departure made pursuant to U.S.S.G. § 5K1.1). However, we do review departures in instances where the defendant alleges that the district court misapplied the relevant law in granting the departure. United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996).

Because Garcia failed to raise this issue below, the proper standard of review is for plain error. See United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006) (stating that when the appealing party does not clearly state the grounds for an objection in the district court, this Court's review is limited to plain error). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial

rights and then only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Massey, 443 F.3d at 818. Under the third prong of plain error review, it is the defendant who is required to demonstrate that the plain error affected his substantial rights. United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005). In other words, it is the defendant's burden to show that the error "actually did make a difference." Id. at 1332 (quotation omitted).

Pursuant to Fed.R.Crim.P. 35(b), upon the government's motion, a court may reduce a defendant's sentence after sentencing on the basis of his substantial assistance. We have held that a district court may reduce a sentence under Rule 35(b) "only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person." United States v. Chavarria-Herrara,15 F.3d 1033, 1037 (11th Cir. 1994) (quotation omitted). The difference between a Rule 35(b) motion and a U.S.S.G. § 5K1.1 substantial-assistance motion is temporal for § 5K1.1 is used at sentencing to reflect substantial assistance rendered up until that moment while Rule 35(b) is used after sentencing to reflect substantial assistance rendered after sentencing. See United States v. Alvarez, 115 F.3d 839, 842 (11th Cir. 1997). To assist district courts in evaluating the nature and extent of a defendant's substantial assistance, U.S.S.G.

3

§ 5K1.1 contains a list of substantial-assistance factors, which instructs courts to consider:

> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> (3) the nature and extent of the defendant's assistance;
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a)(1)-(5). "In determining the extent of a substantial-assistance departure, the district court must consider the factors set forth in § 5K1.1(a)." United States v. Martin, 455 F.3d 1227, 1235 (11th Cir. 2006). However, the list of § 5K1.1(a) factors is not exclusive. United States v. Crisp, 454 F.3d 1285, 1289 (11th Cir. 2006). Nevertheless, when "a district court grants a downward departure under U.S.S.G. § 5K1.1 or reduces a sentence under Rule 35(b), the sentence reduction may be based only on factors related to the defendant's substantial assistance." United States v. McVay, 447 F.3d 1348, 1355 (11th Cir. 2006). In granting the departure, "[t]he sentencing judge must . . . state the reasons for reducing a sentence under this section." U.S.S.G. § 5K1.1, comment. (backg'd) (citing 18 U.S.C. § 3553(c)).

A court's decision not to grant as large a departure as is requested, however,

4

can be based on other factors. In <u>Manella</u>, the government filed a Rule 35(b) motion based on the appellant's continuing substantial assistance. 86 F.3d at 202. At the hearing, the government argued for a reduction of 60 months, but the court only granted a reduction of 7 months. <u>Id.</u> In determining the extent of the reduction, the court considered the leniency of the original sentence imposed and the factors listed in 18 U.S.C. § 3553(a)(1) and (2), including the nature and circumstances of the offense of conviction and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. <u>Id.</u> On appeal, Manella challenged the order granting the seven-month reduction, arguing that the court misapplied Rule 35(b) when it considered factors other than his substantial assistance. <u>Id.</u> In particular, Manella contended that his substantial assistance was the sole factor that the district court could consider on a Rule 35(b) motion, and that the court erred when it considered other factors that militated against a reduction in his case. <u>Id.</u> at 204. We rejected Manella's argument concluding that:

> A careful reading of Rule 35(b) reveals that the text does not prohibit the consideration of any factor other than the defendant's substantial assistance. The rule states that "[t]he court . . . may reduce a sentence to reflect a defendant's subsequent, substantial assistance . . . ." Under this language, the only factor that may militate <u>in favor of</u> a Rule 35(b) reduction is the defendant's substantial assistance. Nothing in the text of the rule purports to limit what factors may militate <u>against</u> granting a Rule 35(b) reduction. Similarly, the rule

5

does not limit the factors that may militate in favor of granting a smaller reduction.

Id. (quoting Fed.R.Crim.P. 35(b)). We further noted that:

> In this case, the district court weighed several factors against Manella's substantial assistance, including the seriousness of the offense and the need for the sentence imposed to promote respect for the law and provide just punishment. The district court's consideration of these factors was based on 18 U.S.C. § 3553, which lists factors that the court is required to consider when imposing a sentence. Rule 35(b) does not prohibit the consideration of these factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance.

Id. at 205 (footnote omitted).

Contrary to Garcia's contention otherwise, the district court did not commit any error, plain or otherwise, when it considered his non-assistance-related factors in determining the extent of the departure. See Manella, 86 F.3d at 204-05. As we explained in Manella, the district court was permitted under Rule 35(b), to consider factors, including those listed in 18 U.S.C. § 3553(a), that militated in favor of granting a smaller reduction. Id.

Turning to Garcia's second argument, that district court erred when it employed a rigid sentencing practice, we reject this argument because he did not raise it below and it cannot survive plain error review. See United States v. Cosgrove, 73 F.3d 297 (11th Cir. 1996) (rejecting similar argument because the appellants did not object below). While there may have been error in this policy,

6

Garcia has not shown that the error affected his substantial rights. <u>Massey</u>, 443 F.3d at 818; <u>Shelton</u>, 425 F.3d at 1331-32. Garcia has put forth no evidence that had the court conducted an individualized examination of the nature and extent of his substantial assistance in accordance with the § 5K1.1(a) factors, it would have granted him a greater reduction.

Based on the parties' briefs and the record, we discern no reversible error. Accordingly, we affirm the district court's order reducing Garcia's sentencing pursuant to Rule 35(b).

**AFFIRMED.**[1]

---

[1] Garcia's request for oral argument is denied.