RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0207p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

KEVIN GRANT,

        *Defendant-Appellant.*

No. 07-3831

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 04-00161—Gregory L. Frost, District Judge.

Argued: October 21, 2008

Decided and Filed: June 9, 2009

Before: KEITH, MERRITT, and GIBBONS, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Dennis Belli, Columbus, Ohio, for Appellant. Kevin Winters Kelley, ASSISTANT UNITED STATES ATTORNEY, Columbus, Ohio, for Appellee. **ON BRIEF:** Dennis Belli, Columbus, Ohio, for Appellant. Kevin Winters Kelley, Robyn Jones Hahnert, ASSISTANT UNITED STATES ATTORNEYS, Columbus, Ohio, for Appellee.

    MERRITT, J., delivered the opinion of the court, in which KEITH, J., joined. GIBBONS, J. (pp. 12-16), delivered a separate dissenting opinion.

———————————

## OPINION

———————————

    MERRITT, Circuit Judge. This sentencing appeal raises the question of what factors a district court may consider when deciding a motion to reduce a sentence pursuant to Federal Rule of Criminal Procedure 35(b), which allows the sentencing judge to reduce a sentence for substantial assistance to the government by the defendant. Defendant Kevin

Grant pleaded guilty to several crimes related to heroin trafficking, and was sentenced to 25 years' imprisonment, the statutory mandatory minimum. A statutory mandatory minimum sentence does not permit a sentencing judge to fully consider all of the factors normally required for a just sentence under 18 U.S.C. § 3553(a). Thus Grant has never received a sentence that considers all of the factors required for a just sentence under § 3553(a), including a sentence "not greater than necessary" under § 3553(a)(2)(D) (rehabilitation). Subsequently, he provided substantial assistance to the government in several other cases. In response, the prosecution filed a motion to reduce Grant's sentence pursuant to Rule 35(b), and the District Court lowered his sentence from 25 years to 16 years. In so doing, the court concluded that the only factor it could consider was the degree of Grant's substantial assistance. We hold that a district court is permitted to consider other factors normally required for a just sentence under § 3553(a), and therefore reverse and remand for further proceedings. Once the grip of the mandatory minimum sentence is broken, the sentencing judge may consider § 3553(a), including subsection (2)(D) on rehabilitation.

## I. Background

In 2004, government investigators discovered that Kevin Grant was involved in a heroin-trafficking operation in Columbus, Ohio. On April 6, 2005, Grant pleaded guilty to running a continuing criminal enterprise, in violation of 21 U.S.C. § 848; engaging in a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Grant stipulated to various sentencing facts in his plea agreement, and the Presentence Report calculated his Adjusted Offense Level at 40, which represented a Base Offense Level of 38 under U.S.S.G. § 2D1.5, plus two points for money laundering under § 2S1.1(b)(2)(B). After subtracting three points for acceptance of responsibility and combining the resultant Total Offense Level with a Criminal History Category of V, the Report concluded that the recommended range under the advisory Guidelines was 324 to 405 months for the continuing criminal enterprise and money laundering counts, to be followed by 60 months for the firearms count.

The government then filed a motion pursuant to U.S.S.G. § 5K1.1 to reduce Grant's sentence because he had provided substantial assistance. It recommended that Grant receive

the statutory minimum sentence of 25 years, but declined to move, pursuant to 18 U.S.C. § 3553(e), for a sentence below the statutory minimum. The government noted that it expected Grant to continue to provide substantial post-conviction assistance, and that, if he did so, it would file a Rule 35(b) motion to reduce his sentence below the statutory minimum, to 16 years. The District Court adopted this recommendation and sentenced Grant to 25 years' imprisonment. He appealed his conviction and sentence, and argued that he had received ineffective assistance of counsel. We affirmed, holding that his conviction was supported by sufficient evidence, that any alleged errors in his Guidelines calculation were harmless, since he had received the statutory minimum, and that the record was insufficiently developed to adjudicate his ineffective-assistance claim. *See United States v. Grant*, 214 F. App'x 518 (6th Cir. 2007).

On April 17, 2007, the government filed a Rule 35(b) motion, noting that most of Grant's cooperation, which it described as excellent, had been completed. In addition to the assistance that the government had contemplated at the time of Grant's guilty plea, he had also provided substantial assistance in an unrelated state homicide case by testifying against a defendant who had confessed to Grant in prison. The government requested a 9-year reduction, to 16 years.

In response to the government's Rule 35(b) motion, Grant filed a memorandum that argued for a larger reduction than the government had requested. He gave six reasons for this further departure: (1) he had provided more substantial assistance than had been contemplated by the initial plea deal; (2) his firearm conviction could have been a two-point sentencing enhancement, rather than a separate charge with a five-year mandatory minimum sentence; (3) the scope and breadth of his continuing criminal enterprise was less extensive than most such enterprises; (4) his criminal history category overrepresented his actual criminal history; (5) his money laundering conviction should have been subsumed within his continuing criminal enterprise conviction; and (6) the mother of two of his children had recently died, depriving them of a natural parent while he is incarcerated. In sum, he offered one reason directly related to substantial assistance and five reasons related to the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

At the hearing, the District Court rejected out of hand all but the first of these arguments, saying that it would be improper even to consider them:

> The Court is not here today to talk in terms of resentencing and bringing up issues of the two-point enhancement instead of a five-year consecutive charge. The Court is not here today to determine the scope and breadth of the . . . continuing criminal enterprise — that was not as extensive as many [such enterprises] and, therefore, a lesser sentence is warranted. The Court is not here to talk about or listen to whether the defendant's criminal history was overrepresented or whether the money laundering count should be subsumed within the [continuing criminal enterprise] or the defendant's family background, at all. . . . All I'm going to say is, I am not going to listen to any arguments, now or ever, with regard to sentences that have been agreed upon and which have been imposed.

Transcript of Proceedings at 6-7, United States v. Grant, No. CR-2-04-161 (S.D. Ohio April 27, 2007). After the prosecution clarified that Grant had never actually agreed to the 9-year reduction and had always maintained his right to argue for a greater reduction, the court modified its position slightly, but still reiterated its complete rejection of five of Grant's six arguments:

> The issues that you're referring to are guideline issues and Section 3553(a) issues that the Court entertains at the time of sentencing, initially, not at the time of a Rule 35 motion. Now, if you want to argue that your assistance has been over and above what everyone defined as being substantial at the outset, then you can argue that, and that's a relevant argument, and I'm more than willing to listen to that. . . . But with regard to any guideline argument or any of the other issues that were brought up in the memorandum, I will not listen to.

*Id.* at 10-11.

After considering Grant's substantial-assistance argument, the District Court granted the government's motion and adopted its recommendation, reducing Grant's sentence to 16 years. This appeal followed.

## II. Jurisdiction

The government contends that this court lacks jurisdiction to review Grant's appeal. The reduction of a sentence pursuant to Rule 35(b) is "a sentence" within the meaning of 18 U.S.C. § 3742(a), such that the jurisdictional limitations of that statute apply. *See United States v. Moran*, 325 F.3d 790, 792 (6th Cir. 2003). Under our traditional interpretation of

§ 3742(a), we lack jurisdiction to consider an appeal that goes only to a refusal to depart downward or to the extent of a district court's downward departure, where no methodological error, such as the failure to consider § 3553(a) is present. *See id.* at 791; *United States v. Parker*, 543 F.3d 790, 792 (6th Cir. 2008).[1] Here, however, Grant is not contesting the extent of the downward departure, but rather the methodology by which the District Court arrived at it. Specifically, he argues that the District Court misapprehended the factors that it was permitted to consider in determining the Rule 35(b) motion.[2] Although Grant undoubtedly hopes to receive a larger reduction, his argument on appeal goes to the legal methodology the court used, not to the merits of its decision, and therefore is subject to our jurisdiction under § 3742(a)(1). All of the case law on this jurisdictional point is against the government's position, which the dissent adopts. *See United States v. Chapman*, 532 F.3d 625, 628 (7th Cir. 2008) (explaining that an assertion of a "methodological error alleges an error of law subject to our jurisdiction under section 3742(a)") (quotations omitted); *United States v. Doe*, 351 F.3d 929, 932 (9th Cir. 2003) (holding that an appellate court has jurisdiction under § 3742(a) to determine whether a district court can consider factors other than substantial assistance when resolving a Rule 35 motion); *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996) (same); *cf. United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008) (noting that this court has jurisdiction to review a decision where a district court misunderstood its discretion as a matter of law).[3]

---

[1]That we lack jurisdiction to review the extent of a departure does not mean that we lack jurisdiction to review sentences imposed pursuant to a Rule 35(b) motion. To be lawful, a sentence must be reasonable. *See Gall v. United States*, 128 S.Ct. 586 (2007). Thus, if an appellant contends that his sentence imposed after a Rule 35(b) motion is unreasonable, we would have jurisdiction to review it under § 3742(a)(1), since it would be an argument that the sentence was imposed in violation of law. *Cf. United States v. McBride*, 434 F.3d 470, 474-77 (6th Cir. 2006) (explaining that a downward departure pursuant to U.S.S.G. § 5K1.1 is itself unreviewable, but the resultant sentence can still be reviewed for reasonableness). Grant has not, however, argued that his sentence is unreasonable.

[2]Grant also argues that the prosecution and the District Court sought to reduce his sentence to a number equal to half of his original Guidelines range, but that errors in the initial sentencing calculation resulted in a higher "starting point," and hence a higher post-reduction sentence than what he would have received absent legal error. We conclude that his Guidelines range was calculated correctly, though, thus rendering moot the question of whether any such alleged error could be the basis for reversal.

[3]According to the dissent, we lack jurisdiction because Grant's argument is not "colorable . . . because the district court was bound by the statutory minimum sentence of twenty-five years except to the extent warranted by Grant's cooperation." This argument combines question begging (by stating that Grant cannot argue that the District Court's refusal to consider the § 3553(a) factors was legal error

### III. Discussion

The District Court's statements at the Rule 35(b) hearing make clear that the only issue it thought it could consider was the degree of substantial assistance that Grant had provided, and that all other factors, including those listed in 18 U.S.C. § 3553(a), had to be disregarded. Thus, it avoided the task of thinking further about what justice requires in this case, a task the court has never undertaken due to the mandatory minimum. The prosecution argues for this position on appeal. We note, though, that the prosecution's memorandum in support of its Rule 35(b) motion specifically emphasized that the reduction it recommended took "into account all of the relevant sentencing factors outlined in 18 U.S.C. § 3553(a), as well as the defendant's cooperation . . . [and was] not greater than necessary to comply with the purposes of sentencing as outlined in 18 U.S.C. § 3553(a)." Thus, the prosecution itself claims that it fully took into account the justice of the sentence while seeking to deny the same authority to the District Court.

What factors a district court may consider when ruling on a Rule 35(b) motion is an issue of first impression in this circuit, though we have stated in an unpublished opinion that "[i]n evaluating a Rule 35(b) motion for reduction, a district court can consider a broad array of factors." *See United States v. Dandy*, 156 F.3d 1232, *5 (6th Cir. 1998) (table). We have held that downward departures made pursuant to U.S.S.G. § 5K1.1 may not reflect any considerations beyond the degree of the defendant's substantial assistance. *See United States v. Bullard*, 390 F.3d 413, 417 (6th Cir. 2004). But the *Bullard* line of cases is not controlling, despite the functional similarity between § 5K1.1 and Rule 35(b), because the former explicitly lists the factors that should properly be considered when ruling on the merits, while the latter does not. That is, § 5K1.1 and Rule 35(b) may accomplish roughly the same things, but they are markedly different in their language concerning the methodology for resolving them.

---

because the District Court could not consider those factors) with a conflation of the jurisdictional question and the merits (by suggesting that we lack jurisdiction to decide a challenge to the District Court's legal methodology if that challenge, while an issue of first impression, is ultimately not "colorable").

Other circuits that have addressed this issue have tended to conclude that § 3553(a) factors can be considered in Rule 35(b) motions, but only for purposes of reducing the size of a downward departure, never for increasing it. In *United States v. Chavarria-Herrara*, the Eleventh Circuit held that, in reducing a sentence under Rule 35(b), a district court "may not rely on factors other than the substantial assistance of the defendant." 14 F.3d 1033 (11th Cir. 1994). This holding was premised entirely on "[t]he plain language of Rule 35(b)[, which] indicates that the reduction shall reflect the assistance of the defendant; it does not mention any other factor that may be considered." *Id.* at 1037. In *United States v. Manella*, the Eleventh Circuit modified this rule, holding that it was permissible for a district court to consider factors besides substantial assistance when deciding a Rule 35(b) motion, but only for the purposes of reducing the extent of the downward departure. 86 F.3d at 204-05. That is, a "district court may consider the § 3553(a) factors in order to refuse to grant a Rule 35(b) motion or to grant a smaller reduction than requested by the government. However, in deciding to grant a reduction, the district court may not consider any factor that may militate in favor of the reduction other than the defendant's substantial assistance." *United States v. Ross*, 280 F. App'x 896, 897-98 (11th Cir. 2008) (citation omitted). This rule has been adopted by the Ninth Circuit, *see Doe*, 351 F.3d at 933, and cited approvingly in dicta by the Seventh, *see United States v. Poole*, 550 F.3d 676, 680 (7th Cir. 2008).

Its value as persuasive authority, however, is completely undercut by the fact that the plain language of Rule 35(b), on which the *Manella* rule is entirely predicated, has since been changed. At the time of *Chavarria-Herrara* and *Manella*, Rule 35(b) stated that "[t]he court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence *to reflect* a defendant's subsequent, substantial assistance." *See Chavarria-Herrara*, 14 F.3d at 1035 n.2 (quoting the then-current version of Rule 35(b)) (emphasis added). As the court later explained in *Manella*, the default assumption is that a district court may consider a wide array of factors in making a discretionary decision under Rule 35(b); however, the requirement that the reduction be made "to reflect" a defendant's substantial assistance partially abrogated this assumption; hence, the degree of substantial assistance must set the outer bound of the

reduction, which can then be pared back by the consideration of other factors.  *See Manella*, 86 F.3d at 204-05.

Thus, the use of the words "to reflect" in the old version of Rule 35(b) was determinative.  By contrast, the version of Rule 35(b) in effect in April, 2007, when Grant was sentenced, stated:

> **(1) In General.**  Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>     (A)  the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>     (B)  reducing the sentence accords with the Sentencing commission's guidelines and policy statements.
>
> **(2) Later Motion.**  Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>     (A)  information not known to the defendant until one year or more after sentencing;
>     (B)  information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>     (C)  information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

While the language of the old version of Rule 35(b) may have suggested that the reduction reflect only the degree of the defendant's substantial assistance, the new version does not contain that suggestion.  Instead, it sets up the defendant's substantial assistance as simply a condition precedent to a reduction.  If a defendant has provided substantial assistance and the government makes a Rule 35(b) motion, "the court may reduce a sentence."  The text does not provide any particular limitations on what factors that reduction may or may not reflect.  *See United States v. Park*, 533 F. Supp. 2d 474, 476-78 (S.D.N.Y. 2008) (concluding that "substantial assistance" is merely a condition precedent to granting a Rule 35(b) reduction, rather than a limitation of the factors a court may consider in determining the extent of that reduction).

With the alteration to the plain language of Rule 35(b) in mind, it is difficult to see how adopting the *Manella* rule would make logical or practical sense. The notion that a court may only *consider* factors that militate in favor of a smaller reduction prompts an obvious question: how does a judge know which way a factor points before he considers it? Assume, then, that what is meant is that a judge may consider all factors, but may only base his decision on the factors militating in favor of a smaller reduction. But how would this work in practice? If, for example, factors suggesting a larger departure are roughly in equipoise with factors suggesting a smaller departure, would it be permissible for a judge to conclude that the factors cancel each other out — or would he have to reduce the departure as though the factors militating in favor of a larger reduction did not exist? Or imagine a case in which several members of a criminal conspiracy provide substantial post-conviction assistance in the prosecution of the conspiracy's leaders. If the last-sentenced defendant's post-departure sentence creates an "unwarranted sentencing disparit[y] among defendants with similar records who have been found guilty of similar conduct," *see* 18 U.S.C. § 3553(a)(6), would a district court be precluded from reducing the sentence further to avoid this disparity?

Even if we accept that the plain language of Rule 35(b) once operated to turn the § 3553(a) factors into a one-way ratchet, we cannot see why this unusual limitation on judicial discretion should persist now that the plain language of the Rule no longer commands it. It stands to reason that a defendant's substantial assistance will be the predominant factor in a district court's decision to reduce a sentence pursuant to Rule 35(b). But that does not mean that a district court is precluded from considering other factors at the same time, whether those factors ultimately militate in favor of a larger, smaller, or identical sentence to the one it would have imposed on the basis of substantial assistance alone.

Bolstering this conclusion is the fact that Rule 35(b)(1) was amended again, shortly after Grant's hearing, by striking subsection (B), which said that any sentencing reduction must "accord[] with the Sentencing commission's guidelines and policy statements." As the Advisory Committee Notes explain:

> The amendment conforms Rule 35(b)(1) to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). In *Booker* the Court held that the provisions of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), violates the Sixth Amendment right to jury trial. With this provision severed and excised, the Court held, the Sentencing Reform Act "makes the Guidelines effectively advisory," and "requires a sentencing court to consider Guidelines ranges, see 18 U.S.C. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a) (Supp. 2004)." *Id.* at 245-46. Subdivision (b)(1)(B) has been deleted because it treats the guidelines as mandatory.

FED. R. CRIM. P. 35 advisory committee notes. This suggests that the Rules' drafters expected that a district court, at least post-*Booker*, would be able to consider the § 3553(a) factors when resolving a Rule 35(b) motion.

We hold, therefore, that it was legal error for the District Court to conclude that it was forbidden to consider other factors beyond substantial assistance when evaluating the Rule 35(b) motion. A court may rely on those other factors to increase, decrease, or leave in place whatever sentence reduction it would have granted based on substantial assistance alone.

We reserve for another day the question of whether a district court is *required* to consider these other factors. We offer the following thoughts, though, for the sake of completeness. If, as we held in *Moran*, a sentence imposed pursuant to a Rule 35(b) motion is "a sentence" within the meaning of 18 U.S.C. § 3742(a), it is difficult to see why it is not also "a sentence" within the meaning of 18 U.S.C. § 3553(a), in which case a district court "shall consider" an array of factors before imposing a sentence "sufficient, but not greater than necessary, to comply" with their purposes. As the Seventh Circuit recently noted, "a faithful and pragmatic adherence to the mandate of 18 U.S.C. § 3553(a) counsels that the nature and extent of any [Rule 35(b)] reduction be determined in light of all the sentencing factors set forth in the statute. Post-arrest cooperation cannot be assessed in a vacuum. Whether such cooperation represents an opportunistic attempt to obtain a sentence reduction or a genuine alteration in the defendant's life perspective can best be determined by assessing that cooperation in light

of earlier criminal history and the nature of the crime for which the defendant is presently being sentenced." *Chapman*, 532 F.3d at 629.[4]

Consideration of the § 3553(a) factors would seem particularly warranted in a case like this one, where Grant was sentenced to the statutory minimum. The initial sentence from which the court was departing downward did not necessarily reflect any of the § 3553(a) factors because the court was precluded at the time from sentencing Grant any lower. With the statutory minimum removed, a consideration of whether his sentence accurately reflected, for example, the size and scope of his continuing criminal enterprise or his particular history and characteristics might well be warranted.

### IV. Conclusion

For these reasons, we reverse and remand for further proceedings.

---

[4]In *Chapman*, the Seventh Circuit ultimately declined to reach the question of whether the § 3553(a) factors must be considered: "We certainly have jurisdiction to consider whether a district court is required to reevaluate the section 3553 sentencing factors and, more particularly, to consider the potential for sentencing disparities when granting a sentence reduction under Rule 35(b). However, we need not decide the issue at this time. Whether or not the district court was *required* to consider the section 3553 factors when granting a sentence reduction under Rule 35(b), the records reveal that the court in fact did so here." 532 F.3d at 631. We need not resolve this question because the District Court concluded that it could not consider the § 3553(a) factors, as opposed to concluding that it could consider them but declining to do so nonetheless.

---

**DISSENT**

---

JULIA SMITH GIBBONS, Circuit Judge, dissenting.    Because we lack jurisdiction over Kevin Grant's appeal, I respectfully dissent.

I.

Grant appeals from the district court's grant of the government's Rule 35(b) motion.  The government had requested a reduction in sentence from twenty-five to sixteen years.  Grant joined in the government's motion, but he requested that his sentence be further reduced below sixteen years.   The district court entertained arguments about the extent of Grant's assistance in the prosecution of his co-conspirators and his role in a separate state death penalty case, in order to assess how large a reduction was warranted.  Ultimately, the district court agreed with the government and awarded Grant a nine-year reduction.  As the majority notes (Maj. Op. at 5), we have no jurisdiction to review the extent of this downward departure. *United States v. Moran*, 325 F.3d 790, 794 (6th Cir. 2003) (downward departure on Rule 35(b) motion); *cf.* *United States v. Jones*, 417 F.3d 547, 548 (6th Cir. 2005) (downward departure on U.S.S.G. § 5K1.1 motion).   Accordingly, we cannot consider whether any further reduction beyond nine years was warranted.

Grant, however, attempts to bring this case within our purview by reframing his appeal in terms of 18 U.S.C. § 3742.  Although we may not review the extent of a downward departure, § 3742 allows us to review a sentence in four, narrow circumstances.  "[A] defendant may appeal an 'otherwise final sentence' if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no guideline and is plainly unreasonable." *Moran*, 325 F.3d at 792 (quoting § 3742(a)). Grant argues first that the district court incorrectly calculated his total offense level,

giving rise to jurisdiction under the second category.  As the majority recognizes, however, the district court correctly calculated the Guidelines range. (Maj. Op. at 5 n.2.)

Grant next argues that his sentence was imposed in violation of law–giving rise to jurisdiction under the first category–because the district court refused to reconsider the § 3553(a) factors at the Rule 35(b) hearing.  Grant fails to raise a colorable argument on that score, however, because the district court was bound by the statutory minimum sentence of twenty-five years except to the extent warranted by Grant's cooperation.  Grant pled guilty to operating a continuing criminal enterprise and possession of a firearm in furtherance of a drug trafficking crime, subjecting him to a mandatory minimum sentence of twenty-five years.  *See* 21 U.S.C. § 848; 18 U.S.C. § 924(c)(1)(A)(i).[1]  Where, as here, the district court's authority to depart below the statutory minimum is based solely on the defendant's cooperation, substantial assistance is the *only* factor that the court may consider in departing below the mandatory minimum.  This rule is well-settled in the context of a motion brought under 18 U.S.C. § 3553(e).  *United States v. Bullard*, 390 F.3d 413, 416-17 (6th Cir. 2004) (collecting cases from the First, Fourth, Seventh, Ninth, Tenth, and Eleventh Circuits).  We have previously noted that "[a] motion under § 3553(e) is the pre-sentence equivalent of a Rule 35(b) motion." *United States v. Monus*, 20 F. App'x 511, 512 n.1 (6th Cir. 2001).  Although we have never addressed this question in the context of a Rule 35(b) motion,

---

[1]Grant also pled guilty to conspiracy to commit money laundering, a conviction that did not impact the mandatory minimum he faced.  *See* 18 U.S.C. § 1956(h).

because there is no relevant distinction between the two,**2** I would extend the reasoning to the present case.

The majority, however, ignores the crucial fact that Grant was subject to a mandatory minimum in dismissing the *Bullard* line of cases and framing the question presented as "what factors a district court may consider when deciding a motion to reduce a sentence pursuant to Federal Rule of Criminal Procedure 35(b)." (Maj. Op. at 1.) But we lack jurisdiction to decide the question posed by the majority because, as discussed above, Grant failed to raise a colorable claim that his sentence was imposed in violation of law. *See Moran*, 325 F.3d at 794. The majority's insistence that "all of the case law on this jurisdictional point" is contrary (Maj. Op. at 5) is completely undercut by the fact that the majority cannot find any direct support in this circuit. Whatever the rule may be in the Seventh, Ninth, and Eleventh Circuits, *Moran* is the rule in the Sixth Circuit. More importantly, none of the cases cited involved a defendant subject to a mandatory minimum sentence. *See United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008); *United States v. Doe*, 351 F.3d 929 (9th Cir. 2003); *United States v. Manella*, 86 F.3d 201 (11th Cir. 1996). Therefore, their reasoning is not persuasive here. By ignoring the fact that Grant was subject to a mandatory minimum sentence, the

---

**2**Section 3553(e) provides in relevant part:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as *to reflect a defendant's substantial assistance* in the investigation or prosecution of another person who has committed an offense.

18 U.S.C. § 3553(e) (emphasis added). Prior to 2002, Rule 35(b) contained nearly identical language:

> If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence *to reflect a defendant's subsequent substantial assistance* in investigating or prosecuting another person . . . .

Fed. R. Crim. P 35(b) (amended 2002) (emphasis added). In 2002, however, the rule was amended to read in relevant part:

> Upon the government's motion . . . , the court may reduce a sentence if the defendant's substantial assistance involved: [listing criteria].

Fed. R. Crim. P. 35(b)(2). Thus, while Rule 35(b) no longer contains the "to reflect" language, a review of the advisory committee notes reveals that the change was made for reasons wholly unrelated to the issue in this case: The new language allows a sentencing court to grant relief to defendants who would have been denied relief under the old rule because of the "one year" requirement. *See* Fed. R. Crim. P. 35 advisory committee's note to 2002 amendments. Consequently, the recent amendments to the rule lack the import placed upon them by the majority.

majority finds procedural error where there is none, circumvents the *Moran* rule, and turns an unreviewable question into a reviewable one. Because I believe that *Moran* precludes review here, I would dismiss this appeal for lack of jurisdiction.

II.

Although I believe that *Moran* precludes review here, nonetheless, even if we had jurisdiction to review the district court's methodology, I would find no procedural error.

The majority's holding creates an unprincipled disparity between a defendant whose substantial assistance is complete at the time of sentencing and one whose assistance is not yet complete. The former is subject to a mandatory minimum sentence, except to the extent warranted by his cooperation. In the latter case, however, the district court must now reconsider the § 3553(a) factors without regard to the mandatory minimum. Yet, whether a defendant's cooperation is complete at the time of sentencing often depends on factors beyond the defendant's control–for example, whether his co-defendants have already been indicted, tried, or sentenced. Thus, the applicability of a mandatory minimum will turn on factors unrelated to whether a particular defendant falls within the category of persons that Congress made subject to a mandatory minimum sentence. This result is hardly in keeping with the statutory scheme and is inconsistent with a logical sentencing system.

In holding that a district court is permitted–but not required–to reconsider the § 3553(a) factors on a Rule 35(b) motion, the majority has created new layers of pointless process. By definition, a Rule 35(b) motion is brought only after the defendant has already been sentenced. At the original sentencing, of course, a district court is required to consider the § 3553(a) factors. The majority now invites the district court to redo at the time of the Rule 35(b) motion what it has already done at the time of sentencing–or not. It is unclear how often district courts will accept this invitation, given that they already sentence, on average, 117 defendants per year. *Gall v. United States*, 128 S. Ct. 586, 598 n.7 (2007). Nevertheless, if a district court declines to reconsider the § 3553(a) factors, presumably it must give an explanation for this refusal

so that we may provide meaningful appellate review of that decision. Consequently, the majority's approach will require district courts either to repeat entirely what was done at sentencing or explain why they have declined to do so. We, in turn, must then review–perhaps for a second time, as in this case–the district court's reconsideration of the § 3553(a) factors or its refusal to do so.

It is unclear who will benefit from all of this. As the majority recognizes, "Grant undoubtedly hopes to receive a larger reduction" in his sentence. (Maj. Op. at 5.) But that appears to be unlikely. Grant already received a sentence nine years below the mandatory minimum–a reduction that the prosecution requested and that the district court granted only with reluctance.[3]

---

[3] At the Rule 35(b) hearing, the court noted: "But as much as I have to tell you that you are a likeable type of guy, Mr. Grant, I've got to tell you this is more [of a reduction] than I probably would have granted you." Transcript of Proceedings at 21-22, *United States v. Grant*, No. CR-2-04-161 (S.D. Ohio Apr. 27, 2007). This reluctance is understandable, given the court's observation at sentencing that Grant's heroin distribution ring "[wa]s the biggest criminal enterprise [the court] ha[s] ever seen when it comes to drug criminal enterprise." Transcript of Proceedings at 33, *United States v. Grant*, No. CR-2-04-161 (S.D. Ohio Oct. 6, 2005). Thus, reconsideration of the § 3553(a) factors is unlikely to benefit Grant. *See* § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider–(1) the nature and circumstances of the offense . . . .").