CLAY, Circuit Judge,
dissenting,
joined by KEITH, MOORE and COLE, Circuit Judges.
In an apparent attempt to craft a tacit compromise, the en banc majority and concurring opinions shift their focus away from Petitioner and instead create an unmanageable legal standard. Because the district court erroneously concluded that it may not consider the factors enumerated in 18 U.S.C. § 3553(a) on a Rule 35(b) motion, this Court should vacate the district court’s decision and remand for reconsideration.[1] Without deciding whether the district court was required to consider § 3553(a), it is clear, as the panel majority found, that a district court is not prohibited from doing so. In finding that it was prohibited from doing so, the district court committed legal error. I therefore respectfully dissent.
*823 As a preliminary matter, it is apparent that the standard announced by the majority will lead to unnecessary confusion.[2] In her dissent to the now vacated panel majority decision, Judge Gibbons opined that “substantial assistance” should be the only factor guiding a departure below a mandatory minimum under Rule 35(b). See United States v. Grant, 567 F.3d 776, 785 (6th Cir.2009) (Gibbons, J., dissenting). Yet, in a departure of her own, Judge Gibbons’ en bane majority opinion would authorize district courts to consider myriad factors in this regard — so long as the courts do not acknowledge that the factors emanate from § 3553(a).
District courts are instructed by the majority opinion, on the one hand, that Rule 35(b) “does not require or authorize consideration of § 3553(a) factors,” yet, on the other, that district courts may “take into account the practicalities of the context” in valuing the defendant’s substantial assistance. (See Maj. Op. at 816.) Many of the factors discussed by the majority — including the nature of the offense and the defendant’s capacity to abide by the law — are not dissimilar from the factors enumerated in § 3553(a). District courts will have to struggle to sort out the internal inconsistencies and ambiguities of the majority opinion, and this Court may be required to revisit the issue again in the near future.
The difficulties with the majority opinion are compounded by the ambiguous nature of its holding. It is unclear whether the majority would hold that the district court properly exercised its discretion in not considering § 3553(a) (see Maj. Op. at 819 (“The district court acted properly in refusing to consider Grant’s § 3553(a)-based arguments.”)), or whether the majority would hold that the district court lacked discretion to do so in any event (see id. at 815 (“[We] conclude that Rule 35(b) permits reductions based on substantial assistance rather than other factors.”).) The majority misses the point by focusing on Petitioner’s argument that the district court was required to consider the § 3553(a) factors. This dissent does not embrace Petitioner’s argument in that regard, but rather contends that the district court had the discretion to consider additional factors. In this case, the district court erred in concluding that it did not have discretion to do so.
The lack of clarity in the majority’s opinion is perhaps best exemplified by the majority’s apparent misapplication of its own standard. Whatever the precise nature of the majority’s holding, the majority at a minimum makes clear that a district court may, in its discretion, consider additional factors to value a defendant’s substantial assistance. (See Maj. Op. § IV.) In this case, the district court “[would] not listen to” Petitioner’s arguments about, for instance, his criminal history and the circumstances of his underlying conviction, reasoning that these issues are “not [entertained] at the time of a Rule 35 motion.” (Tr. at 6-7.) Curiously, the majority finds no error in the district court’s ruling, even though the majority holds that a district court may “consider the context surrounding the initial sentence in valuing the assistance.” (See Maj. Op. at 817.) The district court plainly failed to consider whether it would do so, instead commit *824 ting legal error by concluding that it could not do so.
A. District Court’s Discretion on Re-sentencing Under Rule 35(b)
The majority’s erroneous disposition of this case is grounded in a misinterpretation of Rule 35(b). The plain language of the Rule does not restrict a district court from exercising its discretion to consider various factors in determining a proper sentencing reduction under Rule 35(b). That a district court may consider the § 3553(a) factors specifically, is supported by recent amendments to the Rules and, perhaps, the express language of § 3553(a). It is also supported by the congressional purpose of providing for the imposition of a just sentence, which is particularly compelling in a case such as this where Petitioner was initially sentenced to a mandatory minimum that divested the district court of authority to consider the § 3553(a) factors in the first instance.
Turning to the text of Rule 35(b), it provides in pertinent part, as follows:
(1) In General. Upon the government’s motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
(2) Later Motion. Upon the government’s motion made more than one year after sentencing, the court may reduce a sentence if the defendant’s substantial assistance involved [certain information which became known or useful after one year as detailed by Rule 35(b)(2) ].
Fed.R.Crim.P. 35(b)(1), (2). Under the plain language of the Rule, a district .court presented with a Rule 35(b) motion first must consider whether the defendant has provided “substantial assistance,” and if so, to what extent the defendant’s sentence should be reduced. Rule 35(b) is silent regarding the factors a district court may consider in reducing a sentence. See Fed.R.Crim.P. 35(b); United States v. Park, 533 F.Supp.2d 474, 476-77 (S.D.N.Y.2008). Cf. U.S.S.G. § 5K1.1 (providing factors to guide courts in reducing guideline range for substantial assistance prior to sentencing).
Prior to the 2002 amendments to the Rules, former Rule 35(b) provided that the court may reduce a sentence “to reflect a defendant’s subsequent, substantial assistance.” Fed.R.Crim.P. 35(b)(2) (2001) (emphasis added). Many courts have relied on the phrase “to reflect” to hold that factors other than substantial assistance may not be considered on a Rule 35(b) motion. See, e.g., United States v. Chavarria-Herrara, 15 F.3d 1033, 1037 (11th Cir.1994) (“The plain language of Rule 35(b) indicates that the reduction shall reflect the assistance of the defendant; it does not mention any other factor that may be considered.”). The 2002 amendments to the Rules, however, removed this phrasing, leaving the Rule to provide for a sentencing reduction “if the defendant’s substantial assistance” was of a certain kind. See Fed.R.Crim.P. 35(b)(2) (emphasis added).
This change in the plain language of the Rule is significant. Whereas the word “reflect” suggests the latter taking into account the former, the word “if’ denotes merely a condition precedent.[3] Under the current language, once a defendant provides certain substantial assistance — and thus satisfies the condition precedent — the district court may reduce the defendant’s *825 sentence. Nowhere does the Rule limit a district court’s discretion to consider additional pertinent factors, nor does the Rule provide that the reduced sentence must “reflect” or be otherwise limited by the value of the defendant’s substantial assistance-though this would certainly be an important factor. See, e.g., United States v. Garcia, 215 Fed.Appx. 948, 949-51 (11th Cir .2007).
As the majority points out, the Advisory Committee on Criminal Rules (“Advisory Committee”) did not intend the 2002 amendments to change the meaning of the Rules. The Advisory Committee reported that many of the changes were part of a “general restyling of the Criminal Rules to make them more easily understood.” Fed. R. Crim.P. 35 — advisory committee notes. To the extent this language was persuasive at the time of the amendments, cf. Till v. SCS Credit Corp., 541 U.S. 465, 489, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004) (rejecting a statutory interpretation based on purported congressional intent in part because it “ignor[ed] the plain language of the statute.... ”), however, its persuasive value has been diminished by subsequent amendments to the Rules.
The majority overlooks the significance of 2007 amendments to the Rules and the accompanying Advisory Committee notes. One such amendment eliminated Rule 35(b)(1)(B), which formerly read as follows:
Upon the government’s motion made within one year after sentencing, the court may reduce a sentence if:
(A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and

(B) reducing the sentence accords with the Sentencing Commission’s guidelines and policy statements.

Fed.R.Crim.P. 35(b)(1)(A), (B) (2006) (emphasis added). The Advisory Committee eliminated subsection (B) to conform the Rule to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In its notes accompanying Rule 35, the Advisory Committee, citing 18 U.S.C. § 3553(a), explained that Booker permits a court to tailor a sentence “in light of other statutory concerns as well.” Fed. R.Crim.P. 35 — advisory committee notes. This discussion, in the context of Rule 35(b), supports the view that the elimination of Rule 35(b)(1)(B) was intended to prevent limiting the district court’s consideration to only substantial assistance. It also suggests that the Advisory Committee contemplated that a district court may apply the § 3553(a) factors in the context of a Rule 35(b) motion.[4]
That the application of Rule 35(b) permits consideration of the § 3553(a) factors comports with the congressional purpose of providing a just sentence, particularly in a case such as this where Petitioner was not sentenced above the mandatory minimum. See 18 U.S.C. § 3553(a). Petitioner was initially sentenced to the lowest available sentence, a mandatory minimum of 25 years. Since a statute divested the *826 district court of any authority to consider a sentence less than 25 years, the district court did not — and could not — look to the § 3553(a) factors.
Now that Rule 35(b) has pierced the mandatory minimum, there is no reason why Petitioner should be deprived of the district court’s consideration of the § 3553(a) factors to guide its discretion and arrive at an appropriate sentence.[5] The posture of the Rule 35(b) re-sentencing in this case — where Petitioner was initially sentenced to a mandatory minimum — is not materially different from most initial sentencings. The district court in both instances would have discretion over the sentences, and neither defendant would yet have had the § 3553(a) factors applied. In this case, the mandatory minimum sentence precluded the district court from considering the § 3553(a) factors at Petitioner’s initial sentencing, but no consideration of fairness or consistency supports precluding their application now that the district court’s discretion has been restored through Rule 35(b). Cf. United States v. Lee, 288 Fed.Appx. 264, 269 (6th Cir.2008) (“A district court’s failure to consider the § 3553(a) factors would result in a procedurally unreasonable sentencing determination, potentially requiring the Circuit to vacate and remand for resentencing.”).
In fact, although ignored by the majority, application of the § 3553(a) factors might well constitute a statutory right of a defendant in connection with a Rule 35(b) re-sentencing. Section 3553(a) states that a sentencing court “shall” consider certain statutory factors. To the extent a Rule 35(b) sentencing reduction constitutes a “sentence” within the meaning of § 3553(a), a court would be required to consider § 3553(a). See, e.g., United States v. Moran, 325 F.3d 790, 792 (6th Cir.2003) (holding, in another context, that a “district court’s reduction of [defendant’s] sentence under Rule 35(b) is a ‘sentence.’ ”).
Although we have held that district courts may consider only the extent of a defendant’s cooperation on a pre-sentence motion for a downward departure under 18 U.S.C. § 3553(e), see United States v. Bullard, 390 F.3d 413, 416-17 (6th Cir.2004), this limitation is grounded in factors enumerated in the Sentencing Guidelines, U.S.S.G. § 5K1.1, upon which Bullard relies in part. No such factors are present with respect to Rule 35(b). Furthermore, Bullard and the cases it cites as authority were decided at a time when the Sentencing Guidelines were mandatory, and, notably, § 3553(e) requires the reduced sentence “to reflect” the defendant’s substantial assistance, phrasing that was excised from Rule 35(b).
Contrary to the position taken by the majority, the district court had the discretion to consider the § 3553(a) factors in the context of a Rule 35(b) motion. Whether the district court was required to do so is a question for another day. Because the district court categorically refused to consider Petitioner’s timely arguments on the Rule 35(b) motion in his ease, this Court should vacate the decision of the district court and remand for reconsideration.
B. Timeliness of Petitioner’s Arguments
In this case, following the government’s Rule 35(b) motion, Petitioner filed the following reasons in support of his arguments for a larger reduction than the government had requested: “(1) he had provided more substantial assistance than had been contemplated by the initial plea deal; (2) his firearm conviction could have been a two- *827 point sentencing enhancement, rather than a separate charge with a five-year mandatory minimum sentence; (3) the scope and breadth of his continuing criminal enterprise was less extensive than most such enterprises; (4) his criminal history category overrepresented his actual criminal history; (5) his money laundering conviction should have been subsumed within his continuing criminal enterprise conviction; and (6) the mother of two of his children had recently died, depriving them of a natural parent while he is incarcerated.” Grant, 567 F.3d at 776.
At the hearing on the government’s Rule 35(b) motion, the district court rejected all but Petitioner’s first argument:
The Court is not here today to talk in terms of resentencing and bringing up issues of the two-point enhancement instead of a five-year consecutive charge. The Court is not here today to determine the scope and breadth of the ... continuing criminal enterprise that was not as extensive as many [such enterprises] and, therefore, a lesser sentence is warranted. The Court is not here to talk about or listen to whether the defendant’s criminal history was overrepresented or whether the money laundering count should be subsumed within the [continuing criminal enterprise] or the defendant’s family background, at all.... All Pm going to say is, I am not going to listen to any arguments, now or ever, with regard to sentences that have been agreed upon and which have been imposed.
(Tr. at 6-7.) The government responded that Petitioner had maintained his right to argue for a greater reduction. The district court then stated as follows:
The issues that you’re referring to are guideline issues and Section 3553(a) issues that the Court entertains at the time of sentencing, initially, not at the time of a Rule 35 motion. Now, if you want to argue that your assistance has been over and above what everyone defined as being substantial at the outset, then you can argue that, and that’s a relevant argument, and I’m more than willing to listen to that.... But with regard to any guideline argument or any of the other issues that were brought up in the memorandum, I will not listen to.
(Id. at 10-11.)
As the transcript of the proceedings before the district court makes clear, the court summarily dismissed five of Petitioner’s six arguments as untimely. This was error, inasmuch as the district court had the discretion to hear the balance of Petitioner’s arguments. Since the district court erroneously found that it could not— rather than would not — consider these arguments, the decision should be vacated and the case remanded to the district court for reconsideration. See, e.g., United States v. Chapman, 532 F.3d 625, 629 (7th Cir.2008) (upholding district court’s consideration of prior criminal histories and the seriousness of offenses in the context of a Rule 35(b) motion).
C. Conclusion
The proper disposition of this case would consist of this Court vacating the decision of the district court and remanding the case for reconsideration. On remand, the district court should be instructed to consider, in its discretion, whether it is appropriate to apply the § 3553(a) factors, and to the extent Petitioner’s arguments do not fit within that statutory section (see supra note 1), whether it is appropriate to consider Petitioner’s additional arguments for a sentencing reduction as well.
For the reasons stated above, I respectfully dissent.

. The district court, the parties, and the majority assume, perhaps erroneously, that each of the factors advanced by Petitioner before the district court fall within the scope of § 3553(a). For purposes of this dissent, that assumption is not disturbed. But to the extent Petitioner's arguments fall outside the scope of § 3553(a), the district court, in its discretion, must consider whether it is appropriate to apply those additional factors as well for the reasons stated herein.

. The majority focuses on the word "confusion” to misstate the dissent’s argument. Contrary to the majority’s view, no fair reading of this dissent suggests that district judges are not "capable of weighing the contextual factors” discussed by the majority. (Maj. Op. at 817.) Rather, confusion is likely to arise because the majority’s opinion, given its internal inconsistencies and ambiguities, fails to adequately instruct district courts on the proper standard to apply. The dissent does not doubt the ability of district judges to apply the proper legal standard had the majority announced a clear standard to apply.

. The majority does not disagree. (See Maj. Op. at 816-17 ("When faced with a Rule 35(b) motion, the district court must initially decide whether the defendant did in fact render substantial assistance. If he did not, the motion is denied. The explicit language of the [Rjule permits relief only 'if there has been substantial assistance.”).)

. The majority makes the baffling assertion that the dissent "inflates” the significance of the amendments to the Rules following Booker. (Maj. Op. at 810 n. 2.) Yet the majority does not endeavor to analyze the persuasive value of the 2007 Amendments, and the majority thereby itself inflates the dissent’s reliance on the 2007 Amendments. Not only is the significance of the 2007 Amendments collateral to the dissent’s preferred disposition of this case, but the majority completely writes off any value of the 2007 Amendments to Rule 35 on the basis that the same advisory committee language also accompanies amendments to Rule 32. Although this seemingly repetitious commentary may show that these notes are not unique to Rule 35, the notes nonetheless do accompany Rule 35 and suggest that the drafters anticipated consideration of numerous factors on a Rule 35(b) motion.

. In somewhat cryptic language, the majority acknowledges that Rule 35(b) "gives the district court ample discretion.” (Maj. Op. at 816.)