RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 04a0416p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-6303

KWANBE DARCHE BULLARD,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 01-00107—R. Leon Jordan, District Judge.

Submitted: November 5, 2004

Decided and Filed: December 2, 2004

Before: COLE and ROGERS, Circuit Judges; COHN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** David M. Eldridge, ELDRIDGE & BLAKNEY, Knoxville, Tennessee, for Appellant. David C. Jennings, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

AVERN COHN, District Judge. This is a criminal case. Defendant-Appellant Kwanbe Darche Bullard (Bullard) appeals from the sentence imposed following his plea to conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a). Following a motion for downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, Bullard was sentenced to 180 months, five years less than the statutory mandatory minimum. On appeal, Bullard argues that the district court erred in failing to consider information contained in his sentencing memorandum which detailed Bullard's troubled family history and contained studies regarding the negative effects a long sentence may have on Bullard's children. We find no error and affirm.

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

## I. BACKGROUND

The facts of conviction are summarized in a stipulation of facts and also set forth in the presentence report. Briefly, Bullard was involved in the distribution of cocaine in the Knoxville, Tennessee area from 1996 through November 2000.

Before charges were filed, Bullard met with the government and agreed to cooperate. Bullard, however, fled before any agreement could be performed. On July 17, 2001, Bullard was charged in a three-count indictment as follows: Count one - conspiracy to distribute and possession with intent to distribute 5 kilograms or more of cocaine; Count two - causing the possession with intent to distribute 500 grams or more of cocaine; and Count three - possession with intent to distribute 500 grams or more of cocaine.

Bullard was apprehended in September 2002. On October 15, 2002, the government filed a Notice of Enhancement under 21 U.S.C. § 851 because Bullard had a prior felony drug conviction in state court. Bullard filed objections to the enhancement, arguing that the prior felony conviction used to trigger the mandatory minimum was part of the instant offense and therefore should not be relied upon to enhance his sentence. On November 25, 2002, Bullard pled guilty to count one under a Rule 11 agreement in which the government agreed to dismiss counts two and three and Bullard agreed to cooperate. The Rule 11 agreement provided for a sentence of ten years to life or, if the district court found that Bullard had a prior felony drug conviction, a sentence of twenty years to life. It also provided that the government would file a downward departure motion if Bullard provided substantial assistance.

The presentence report calculated Bullard's total offense level of 29 and a criminal history category II, yielding a sentencing range of 97 to 121 months. However, as a result of Bullard's prior felony drug conviction, the presentence report found that Bullard is subject to the statutory minimum of twenty years. At sentencing, Bullard again objected to the enhancement resulting in the statutory minimum. The district court denied the objection, and Bullard does not challenge this finding on appeal.

Prior to sentencing, the government filed a downward departure motion recommending a downward departure to 180 months. Bullard filed a sentencing memorandum, in which he urged the district court to consider his family background as well as studies regarding the effects of incarceration on children "in determining an appropriate sentence."

At sentencing, the district court appeared to indicate it could not consider the factors set forth in the sentencing memorandum; it granted the government's motion for downward departure and sentenced Bullard to 180 months, five years below the statutory mandatory minimum. Bullard appeals.

## II. ANALYSIS

### A. Jurisdiction

The parties disagree over whether the district court considered the information in the sentencing memorandum or found that it lacked the authority to consider such information. This disagreement raises a question of whether this court has jurisdiction to review Bullard's sentence. In *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir. 1991), this court considered the question of the extent to which a district court's downward departure may be appealed. In *Gregory*, the district court sentenced the defendant to 37 months, the lowest end of defendant's guideline range, which represented a five year-downward departure from the statutory minimum range as a result of defendant's substantial assistance. Gregory argued that the district court should have departed further based on her diminished capacity. We held that we lacked jurisdiction to consider the extent of the district court's downward departure, stating "this court should not accept jurisdiction over appeals based on factors which the appellant argues should have influenced the degree of a downward departure." *Id.*, citing *United States v. Pighetti*, 898 F.2d 3, 4 (1st Cir. 1990) ("[W]e have no jurisdiction to review the extent of a downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's generosity."). We also made clear, however, that

"[a]lthough we have no jurisdiction over appeals which argue that the district court failed to properly weigh certain factors in departing downward, a defendant may still appeal a sentence 'imposed in violation of the law [or] ... imposed as a result of an incorrect application of the sentencing guidelines.'" *Id.* (quoting 18 U.S.C. § 3742(a)(1),(2)).

Here, Bullard is arguing that the district court should have considered the information in the sentencing memorandum in determining the extent of the downward departure. The district court stated at sentencing:

> The Court has carefully read and considered the defense sentencing memorandum. And this is a case that falls within those prohibitions within the guidelines, themselves, clearly. If the Court were to attempt to, on a normal basis, address those issues, this Court would be reversed in the shake of a sheep's tail. I recognize that.

The district court's statement is ambiguous. The district court's statement could be interpreted to mean that the district court did in fact consider the sentencing memorandum. In that situation, review would be foreclosed under *Gregory* because the issue would be whether the district court gave the factors set forth in the sentencing memorandum sufficient weight. Alternatively, the district court's statement could be interpreted to mean that the district court did not consider the sentencing memorandum because it believed it lacked the authority to do so. In that situation, review is possible because the issue would be whether Bullard's sentence was imposed as a result of an improper application of the guidelines. Because there is an ambiguity, we will assume that we have jurisdiction to review Bullard's appeal.

## B. Merits

The district court's determination that it lacked authority to depart downward is a matter of Guidelines interpretation that the Court reviews *de novo*. *United States v. Thomas*, 49 F.3d 253, 260 (6th Cir. 1995); *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996).

Bullard received a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Section 5K.1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Importantly, section 3553(e) gives a court limited authority to impose a sentence below a statutory minimum, providing in relevant part: "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Indeed, section 5K1.1 is the only section that allows a downward departure from a statutorily required minimum sentence. *See* U.S.S.G. § 5K1.1, Application Note 1. All the other sections in part K address "other grounds for departure." U.S.S.G. §§ 5K2.0-5K2.23.

Our case law confirms the limited ability for downward departures when a statutory mandatory minimum is involved. In *United States v. Snelling*, 961 F.2d 93, 97 (6th Cir. 1991), we held that "a departure [under section 3553(e)] must be based *solely* upon the 'substantial assistance' rendered by the defendant." (emphasis added). Bullard, however, argues that *Snelling* applies only to the district court's decision to depart, not the extent of the departure. This argument lacks merit. In *United States v. Winston*, 198 F.3d 248, 1999 WL 993925, **3 (6th Cir. Oct. 20, 1999) (unpublished), we specifically stated that "[o]nly factors relating to a defendant's cooperation may influence the *extent* of a departure pursuant to § 3553(e)." (emphasis added). Other circuits addressing this issue have agreed with this conclusion. *See, e.g., United States v. Chestna*, 962 F.2d 103 (1st Cir. 1992) (rejecting defendant's argument that "once the government moved for departure based on her substantial assistance . . . it opened the door for the court to consider other factors, unrelated to assistance to the government"); *United States v. Pearce*, 191 F.3d 488, 493 (4th Cir. 1999) (holding that "any factor considered by the district court on a § 5K1.1 motion must relate to the 'nature, extent, and significance' of the defendant's assistance") (quoting U.S.S.G. § 5K1.1,

comment); *United States v. Thomas*, 930 F.2d 526, 529 (7th Cir. 1991) (holding that "only factors relating to a defendant's cooperation should influence the extent of a departure for providing assistance under § 3553(e)"), *overruled on other grounds by United States v. Canoy*, 38 F.3d 893, 903-07 (7th Cir. 1994); *United States v. Valente*, 961 F.2d 133, 134-35 (9th Cir. 1992) (rejecting defendant's argument that "once the court departed below the minimum mandatory sentence pursuant to the government's [substantial assistance] motion, it was free to depart even further downward based on Valente's 'aberrant' behavior"); *United States v. Campbell*, 995 F.2d 173, 175 (10th Cir. 1993) (holding that "a district court may depart below the minimum sentence set by Congress only to reflect substantial assistance by the defendant"); *United States v. Aponte*, 36 F.3d 1050 (11th Cir. 1994) (holding that a reduction in sentence pursuant to § 3553(e) should reflect only the defendant's substantial assistance). Thus, the district court could not properly consider the information in the sentencing memorandum in determining whether to depart or the extent of the departure as such information does not relate to Bullard's assistance.

Moreover, the district court considered factors related to Bullard's assistance in determining the departure, noting that he met with government agents prior to being charged and agreed to cooperate, but fled for over a year before being formally charged. Bullard was eventually apprehended and the government again gave him the opportunity to cooperate, which he did. The government recommended a five-year downward departure, stating that if Bullard had not fled, he might have been able to offer more valuable information and receive a greater departure. Having reviewed the record, we agree with the district court that the government's departure recommendation was fair under the circumstances. While we are not unmindful of Bullard's family circumstances which reflect a lifestyle of drug use and drug trafficking by his parents and brother, these circumstances, however unfortunate, cannot be considered in determining a downward departure under § 3553(e).

## III. CONCLUSION

For the reasons stated above, Bullard's sentence is AFFIRMED.