NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0466n.06

No. 09-5651

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 02, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| ANTHONY GUDGER, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE and McKEAGUE, Circuit Judges; and MAYS, District Judge.[*]

**COLE, Circuit Judge.** Defendant-Appellant Anthony Gudger appeals the district court's

denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Gudger pleaded

guilty to conspiring to distribute crack cocaine. He was subject to a statutory minimum 240-month

prison term, but the district court departed downward from this statutory minimum based on the

assistance Gudger provided to law enforcement officials in prosecuting other drug offenders. The

district court sentenced Gudger to 120 months in prison. Subsequently, Gudger filed a motion for

a sentence reduction based on amendments made to the U.S. Sentencing Guidelines lowering the

sentencing ranges applicable to most crack cocaine offenses. The district court denied the motion.

For the following reasons, we **AFFIRM**.

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District
of Tennessee, sitting by designation.

## I. BACKGROUND

On February 26, 2007, pursuant to a written plea agreement, Gudger pleaded guilty to conspiracy to distribute and to possess with the intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. According to a statement of facts stipulated to by Gudger and the Government, Gudger took part in a conspiracy to distribute crack cocaine between January 1, 2001, and May 3, 2006. On March 1, 2006, law enforcement officials intercepted a phone conversation between Gudger and one of his co-conspirators, Rickey Story, in which Gudger ordered crack cocaine from Story. Law enforcement agents then observed Gudger arrive at Story's residence and depart a few minutes later. As Gudger departed the area, a police officer stopped him for a traffic violation. The police then employed a narcotics-detection canine to sniff the exterior of Gudger's vehicle, which resulted in a positive response. Based on this, the police searched Gudger's person and car and discovered 81.3 grams of crack cocaine. As part of the stipulation, Gudger also acknowledged that he had been convicted on the felony charge of possession of cocaine for resale in Tennessee state court on October 17, 2000.

According to the Presentence Investigation Report, to which neither party objected, Gudger's conviction corresponded with a base offense level of 32 under the 2006 edition of the U.S. Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). However, Gudger's offense level was reduced by three levels, to 29, based on his acceptance of responsibility. Gudger's past convictions corresponded with a Criminal History Category of III. This, along with his offense level, resulted in a Guidelines range of 108 to 135 months in prison. However, Gudger was subject to a statutory

mandatory minimum prison sentence of 240 months because his offense involved fifty grams or more of crack cocaine and he had a previous felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(A).

Prior to his sentencing, and pursuant to his written plea agreement, Gudger provided law enforcement officials with assistance in prosecuting other individuals for distributing crack cocaine. This included Gudger's testifying at trial against a number of his co-defendants. Based on this substantial assistance, the Government filed a motion for a downward departure below the statutory minimum sentence of 240 months in prison pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.

The district court held a sentencing hearing on September 10, 2007. Pursuant to its downward departure motion, the Government recommended a sentence of 168 months in prison. The Government reached this recommendation by finding the lowest offense level in the Guidelines Sentencing Table for a defendant in Criminal History Category III that included within its range Gudger's 240-month statutory minimum. This was level 35. The Government then moved downward four offense levels to 31, which corresponded with a range of 135 to 168 months, and recommended a sentence at the top of this range.

The district court approved of the Government's departure calculation and stated that it "establishe[d] a guideline range of 135 to 168 months." (District Court Record Entry ("R.E.") 433, at 13.) However, the court's departure analysis did not end there. The court acknowledged that "[o]rdinarily when dealing with a mandatory minimum sentence and a departure below the mandatory minimum by virtue of [a] government motion for downward departure, [the sentencing court is] confined in the Sixth Circuit . . . to considering only those factors which relate to [the defendant's] assistance to the government." (*Id.* at 26.) However, the court concluded that language

included in Gudger's written plea agreement permitted the court to consider other factors in determining the extent to which it would depart downward from the statutory minimum. The court took note of two provisions included in the plea agreement in particular. In paragraph 8, the agreement stated that the Government's filing of a downward departure motion would "allow[] the district court to impose a sentence which may fall below the minimum mandatory term of imprisonment *or below the sentencing guidelines*." (R.E. 128, at 4 (emphasis added).) Even more significant in the district court's perspective was paragraph 7, which stated: "Defendant acknowledges that the sentencing determination will be based upon the entire scope of defendant's criminal conduct, defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553." (*Id.* at 3-4.) The court found that this language meant that the Government "agree[d] that [the court] could consider all of the [18 U.S.C. §] 3553(a) factors in arriving at an appropriate sentence." (R.E. 433, at 27.)

Before discussing the factors listed in § 3553(a), the court noted that "based upon [the] granting of the government's motion, the court has established an advisory guideline sentencing range of 135 to 168 months in this case." (*Id.*) The court also noted that, "except for the minimum mandatory sentence required by statute, [Gudger's] range under the current guidelines would be a range of 108 to 135 months; and after the amendments take effect in November, assuming that they do . . . . [Gudger's] guideline range absent the mandatory minimum would reduce at least to a level of 78 to 97 months . . . ." (*Id.*) However, the court noted that "Congress has made a policy decision that people who have a prior felony drug conviction . . . should be subject to a mandatory minimum sentence." (*Id.* at 29.) The court stated that it would "consider the lower guideline ranges that might

be applicable to [Gudger's] case without the statutory provision," but found "that those ranges do not take into account the Congressional policy that repeat drug offenders be punished more severely." (*Id.* at 30.) The court then discussed the § 3553(a) factors, including the seriousness of Gudger's offense; his personal history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; deterrence; Gudger's need for drug treatment and vocational training; and the need to avoid sentencing disparities between defendants with similar records found guilty of similar conduct. Based upon all of these factors, the court concluded that "the 168 month sentence recommended by the government in this case is a sentence that is greater than necessary to comply with the sentencing goals established by the Congress" and "the guideline range of 135 to 168 months is a range that is greater than necessary to impose a sufficient sentence in this case." (*Id.* at 36.) The court then sentenced Gudger to 120 months in prison, stating:

> Because I find that your guideline range absent the enhancement for repeat offender, both under current and the guidelines that might take effect in November would be considerably lower, because I find that your culpability in this case is considerably less than that of Mr. Story, because I find that the government's motion with respect to the two of you in fact creates an unacceptable disparity in this case, but also at the same time giving some effect to the congressional policy that repeat drug offenders should receive higher sentences, and pursuant to the Sentencing Reform Act of 1984, it is the judgment of this court that the defendant, Anthony Gudger, is hereby committed to the custody of the Bureau of Prisons to be in prison for a term of 120 months.

(*Id.* at 36-37.) The court also imposed a ten-year term of supervised release to follow Gudger's prison sentence. Further, the court stated that "[h]ad I been confined to consideration of your substantial assistance in this case alone, I would have imposed a sentence at the bottom of that

guideline range; in other words, 135 months." (*Id.* at 40.) "[S]o that the Court of Appeals will know clearly what I was thinking, I have found that the 3553(a) factors justify a sentence below that 135 months; and that's what I've imposed here." (*Id.*) The court asked both parties if they had any objections, and each stated that they did not.

On November 1, 2007, Amendment 706 to the Guidelines went into effect, reducing the base offense level for most crack cocaine offenses by two levels. *See* U.S.S.G. supp. to app. C, amend. 706. On March 3, 2008, Amendment 713 went into effect, allowing the changes implemented by Amendment 706 to take retroactive effect. *See* U.S.S.G. supp. to app. C, amend. 713.

On June 2, 2008, Gudger filed a *pro se* motion pursuant to § 3582(c)(2) to reduce his sentence based on these Guidelines amendments. The district court denied the motion before any responsive pleadings were filed. With the help of counsel, Gudger filed a motion for reconsideration and supplemental argument, and the district court vacated its previous order and reinstated Gudger's motion. However, on May 12, 2009, the district court denied the reinstated motion, concluding that it lacked the authority to reduce Gudger's sentence. The court stated that "[b]ecause [Gudger] was sentenced based on the mandatory minimum which applied to his case rather than a guideline range that was subsequently reduced, Amendment 706 would not have lowered the applicable guideline range and does not authorize a reduction in defendant's sentence." (R.E. 436, at 2.) Gudger appeals from the district court's order denying his motion for a sentence reduction.

## II. ANALYSIS

### A. Standard of Review

A district court's decision to modify a sentence under § 3582(c) is discretionary. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). Therefore, a district court's decision whether or not to grant a motion for departure under § 3582(c) is generally reviewed by this Court for abuse of discretion. *Id.* However,

> [w]here, as here, the district court does not simply decline to use its authority under § 3582(c)(2) but instead rules that it has no authority to reduce the defendant's sentence under the statute, the district court's conclusion that the defendant is ineligible for a sentence reduction is a question of law that is reviewed de novo.

*United States v. Johnson*, 569 F.3d 619, 623 (6th Cir. 2009). Therefore, we review de novo the district court's denial of Gudger's motion.

### B. Motion for a Sentence Reduction

"A district court may modify a defendant's sentence only as authorized by statute." *United States v. Pembrook*, No. 08-6452, ___ F.3d ____, 2010 WL 2499656, at *2 (6th Cir. June 11, 2010). Gudger argues that the district court had the authority to reduce his sentence pursuant to § 3582(c)(2), which states:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement upon which Gudger relies states in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> > (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> >
> > (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a). Amendment 706 reduced the base offense levels for most crack cocaine offenses by two levels. For example, a defendant convicted of a crime involving more than 50 grams but less than 150 grams of crack cocaine, like Gudger, would have had a base offense level of 32 prior to Amendment 706's enactment, but now would have a base offense level of 30. Amendment 713 added Amendment 706 to the list of amendments included in subsection (c) of U.S.S.G. § 1B1.10. Therefore, a defendant convicted of a crack cocaine offense may be eligible for a sentence reduction if these amendments lowered the Guidelines range (1) that the defendant's sentence was "based on" under § 3582(c)(2), and (2) that was "applicable to that defendant" under U.S.S.G. § 1B1.10(a)(1). *See United States v. Hameed*, No. 09-3259, slip op. at 14 (6th Cir. July 26, 2010).

We conclude that Gudger is not eligible for a sentence reduction under § 3582(c)(2) because the Guideline range "applicable to" him was not lowered by the crack cocaine amendments. Amendment 706 did lower the Guidelines range that would have been applicable to Gudger had he

not been subject to the statutory mandatory minimum 240-month prison sentence. However, because Gudger was subject to the statutory mandatory minimum sentence, the crack cocaine Guidelines range was not "applicable to" him even though the court departed downward from that minimum and arrived at a sentence of 120 months, which fell within that range. We previously have held "that the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002). Further, in determining the extent of a downward departure for substantial assistance under § 3553(e) and U.S.S.G. § 5K1.1, a district court is permitted to consider "only factors relating to [the] defendant's cooperation." *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004) (internal quotation marks and brackets omitted). Thus, in calculating Gudger's sentence after granting the Government's motion for a downward departure, the district court's task was to start at the 240-month statutory minimum and determine the extent to which it was appropriate to depart downward based solely on the assistance Gudger provided to law enforcement officials in prosecuting others. Amendment 706 had no effect on Gudger's statutory minimum sentence of 240 months imprisonment. Therefore, none of the Guidelines ranges lowered by Amendment 706 were "applicable to" Gudger.

Gudger argues that he still is eligible for a sentence reduction under § 3582(c)(2) because, in calculating the extent of his downward departure, the district court specifically relied upon the Guidelines range that would have been applicable absent his being subject to the statutory minimum. Indeed, the sentencing hearing transcript indicates that the district court considered this range and the § 3553(a) factors in determining Gudger's sentence. *See Hameed*, No. 09-3259, slip op. at 7 ("In

determining whether a sentence was based on a subsequently lowered guideline range . . . we look to what the district court actually said and did at the original sentencing." (internal quotation marks and citation omitted)). However, we need not consider the extent to which this means that Gudger's sentence was "based on" a subsequently lowered Guidelines range under § 3582(c)(2) because there is no question that this range was not "applicable to" Gudger under U.S.S.G. § 1B1.10(a). *See United States v. Doe*, 564 F.3d 305, 310 (3d Cir. 2009) (concluding that it was appropriate to "decline to address the Appellants' 'based on' argument" because they could not satisfy the "applicable to" requirement of U.S.S.G. § 1B1.10(a)).

Gudger also argues that requiring a defendant to satisfy the conditions of U.S.S.G. § 1B1.10 in order to become eligible for a sentence reduction under § 3582(c)(2) violates the Supreme Court's holdings in *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007). This argument fails because § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). The Supreme Court has concluded that "[g]iven the limited scope and purpose of § 3582(c)(2), . . . proceedings under that section do not implicate the interests identified in *Booker*." *Id.* at 2692.

## III. CONCLUSION

Based on the foregoing analysis, we **AFFIRM** the district court's denial of Gudger's motion.