HELENE N. WHITE, Circuit Judge,
concurring and dissenting.
The question is whether in allowing for departure from mandatory minimum sentences for defendants whose substantial assistance is recognized by the government, Congress intended that the sentencing court be restricted to consideration of only the assistance given, foreclosing consideration of other unrelated circumstances or characteristics of the offense or the defendant.
I
The majority concludes that consideration of other factors is permissible only in evaluating whether the defendant should receive the full sentence reduction that would otherwise correspond to the assistance. As conceded by the majority, Fed. R.Crim.P. 35(b) in its current form signals no intent to restrict the court’s consideration to the value or circumstances of the assistance. Nevertheless, a parallel provision, 18 U.S.C. § 3553(e),[1] has been widely *820 interpreted to circumscribe the sentencing court’s authority, allowing consideration of only those matters relevant to valuing the assistance. Additionally, prior iterations of Rule 35(b), like its parallel provision, included language authorizing departure “to reflect a defendant’s subsequent, substantial assistance.”
Congressional authority to sentence below the statutory minimum in cases of substantial assistance comes from 28 U.S.C. § 994, which states:
(n) The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant’s substantial assistance in the investigation or prosecution of another person who has committed an offense.
However, neither the Guidelines nor the policy statements explicitly address sentence reductions under Rule 35(b).
This history is amply discussed by the majority and dissent. I find nothing in that history that compels either answer to the question presented. Unlike the majority, I find no guidance in Rule 35(b)’s title, or in subsection (b)(3). Regarding the title of the rule, in either case, the reduction is given “for substantial assistance.” And, subsection (b)(3)’s authorization to consider prior assistance, without mentioning other § 3553(a) factors, makes sense in the context that taking into account prior assistance is authorized in considering whether there has been substantial assistance justifying application of Rule 35(b), not in determining the appropriate sentence reduction. It does not shed light on the issue presented.
Thus, up to this point in the analysis, I see no compelling argument for either interpretation of Rule 35(b).
Nevertheless, because I am not convinced that Congress intended one rule to apply to motions under § 3553(e) and a different rule to apply to motions under Rule 35(b), and given the history of the various amendments to Rule 35(b) I cannot agree with the dissent’s conclusion that the amendments changed the permissible considerations in ruling on a Rule 35(b) motion, I agree with the majority that the consistent interpretation of § 3553(e) to permit only consideration of the value of the assistance, and preclude consideration of other factors unrelated to the assistance, dictates our decision in this case. See United States v. Bullard, 390 F.3d 413 (6th Cir.2004), and cases cited therein. Thus, I concur with the majority’s conclusion that in resentencing under Rule 35(b), the court’s task is simply to grant a reduction to reflect the defendant’s substantial assistance.
In this regard, I join in Judge Merritt’s and the dissent’s interpretation of the majority decision to permit a consideration of a broad range of factors, including § 3553(a) factors and others, as long as they are relevant to determining what sentence reduction appropriately reflects the defendant’s substantial assistance. This determination need not be made in a vacuum; the court is permitted to craft its own calculus, as long as it is intended to arrive at a sentence reduction that reflects the defendant’s substantial assistance and is not otherwise contraiy to law.
II
Although I concur in the majority’s legal conclusion, I dissent from the majority’s application of that conclusion to this case. I would remand for resentencing on the basis that some of the additional arguments Grant sought to advance were arguably relevant in determining the value of his assistance and the appropriate sentence reduction.
*821 On appeal, Grant argues that the government’s position
overlooks the fact that its own motion for downward departure and motion for a Rule 35(b) sentence reduction both used the original guideline sentencing range (as calculated by the probation officer) as the “starting point” for recommending a sentence reduction of 50% of the bottom end of that range. Its current position that “the original sentencing range should not be a consideration” is inconsistent with the position it advocated in the district court.
[Def.’s Final Reply Br. at 7. Citations to record omitted, emphasis in original.] Because the statutory mandatory minimum rendered the “starting point” irrelevant in the initial sentencing proceeding and appeal, Grant argues, the “starting point” must be considered as part of the Rule 35(b) proceeding. The panel opinion acknowledged this argument.[2]
Grant’s argument in this regard finds support in the record. The government’s initial sentencing memorandum explained:
By statute, the defendant faces a mandatory minimum sentence of at least twenty-five years in prison. 21 U.S.C. § 848 and 18 U.S.C. § 924(c). This motion for reduction has been made solely pursuant to U.S.S.G. § 5K1.1 and not under 18 U.S.C. § 3553(e). Thus, the twenty-five year mandatory sentence by statute still applies.

Conclusion

In the opinion of government counsel and the investigating agents, Kevin Grant’s cooperation, to date, warrants a seven year reduction in sentence at this time. Under the advisory sentencing guideline range applicable in his case, a seven year reduction would require a three offense-level reduction to an offense level 34, criminal history category V (235 to 293 months in prison).
Based upon the defendant’s cooperation to date, the United States recommends a sentence of 25 years in prison at this time. We believe such a sentence takes into account all of the relevant sentencing factors outline in 18 U.S.C. § 3553(a),[3] as well as his cooperation to date.
*822 If the defendant continues to cooperate with authorities and testifies truthfully, if necessary, at trials of individuals about whom he has evidence of their criminal activities, the United States will consider filing a motion, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, requesting a further reduction in sentence. Provided the defendant meets all of his commitments, once his cooperation is completed, the United States will recommend a total sentence of 16 years in prison (an additional reduction of nine years). Such a recommendation would result in a 50% reduction in the sentence recommended under the advisory guidelines (384 to 402 months in prison).
Consistent with its earlier position, the governments’s Rule 35(b) motion sought a reduced sentence of 16 years:
In the opinion of government counsel and the investigating agents, Kevin Grant’s cooperation, to date, warrants a reduction in sentence from 25 to 16 years in prison. This would be a 50% reduction from the original advisory guideline range applicable to the facts underlying his conviction. We believe such a sentence takes into account all of the relevant sentencing factors outlined in 18 U.S.C. § 3553(a), as well as the defendant’s cooperation.[4]
It is not clear whether there was, in fact, an understanding that Grant would ultimately receive a sentence equal to one-half of the otherwise applicable Guidelines minimum. And, clearly, if there had been such an understanding, it would not have been binding on the court. Nevertheless, the Guidelines themselves make the government’s estimation of the value of the assistance a relevant consideration, and if the government had at one point valued the assistance as worth a reduction to one-half of the otherwise applicable Guidelines sentence, that fact had potential relevance to the Rule 35(b) proceeding, and the court was permitted, if not required, to consider the argument.
I would remand for resentencing within the framework announced by the majority, with instructions to consider Grant’s arguments as they may be relevant to determining a sentence that appropriately reflects his substantial assistance.

. 18 U.S.C. § 3553(e) provides:
Limited authority to impose a sentence below a statutory minimum. — Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant’s substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

. Footnote 2 of the panel majority opinion states:
Grant also argues that the prosecution and the District Court sought to reduce his sentence to a number equal to half of his original Guidelines range, but that errors in the initial sentencing calculation resulted in a higher “starting point," and hence a higher post-reduction sentence than what he would have received absent legal error. We conclude that his Guidelines range was calculated correctly, though, thus rendering moot the question of whether any such alleged error could be the basis for reversal.
The majority opinion does not elaborate on that conclusion. And, as noted by the era banc majority, the panel addressing Grant’s initial appeal declined to address the scoring issues because any alleged errors were rendered harmless by the statutory mandatory minimum sentence. United States v. Grant, 214 Fed.Appx. 518, 520-21 (6th Cir.2007).

. The government’s reference to and reliance on the 18 U.S.C. § 3553(a) factors is consistent with my experience, albeit limited, on the court. In a significant number of cases involving sentencing proceedings in the context of § 3553(e) motions, the court and the government make reference to and consider 18 U.S.C. § 3553(a) factors. Logically, under United States v. Bullard, 390 F.3d 413 (6th Cir.2004), a sentencing court should not mention or refer to 18 U.S.C. § 3553(a) until after determining the value of the assistance, and then only in considering whether to depart from the mandatory minimum to the full extent of the value of the assistance. Nevertheless, although the government in such cases does not concede that recalculation of the Guidelines is appropriate, it often either initiates or acquiesces in consideration of § 3553(a) factors prior to a determination of the value of the assistance.

. The original panel majority observed this inconsistency in the government’s position. United States v. Grant, 567 F.3d 776, 781 (6th Cir.2009).