**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0466n.06

**No. 07-5845**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| TIMOTHY HARRIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**

**Jul 12, 2011**

LEONARD GREEN, Clerk

Before: SUHRHEINRICH, MOORE, and COOK, Circuit Judges.

COOK, Circuit Judge. Timothy Harris pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base (crack cocaine), and the district court sentenced him to 300 months' imprisonment. Harris now challenges his sentence as (A) violating the Eight Amendment; (B) violating his substantive due process rights; and (C) procedurally and substantively unreasonable. Because the district court committed procedural error, we vacate his sentence and remand for resentencing.

I.

As a result of a drug-trafficking investigation, a grand jury issued a forty-seven-count indictment—later increased to fifty-one counts by superseding indictment—against Harris and fifteen

other defendants. The indictment charged Harris with conspiracy to distribute fifty grams or more of crack cocaine; possession with intent to distribute five grams or more of crack cocaine; and four counts of using a telephone to facilitate a drug transaction. Because Harris had incurred several felony drug convictions during the 1980s, the government filed an enhanced-sentencing notice.

Harris pleaded guilty to the conspiracy charge without the benefit of a plea agreement. Prior to sentencing, probation prepared a presentence investigation report (PSR) that calculated an offense level of twenty-nine, including a three-level acceptance-of-responsibility reduction. The PSR assigned Harris to criminal history category II, resulting in a Guidelines range of 97–121 months' imprisonment. But under 21 U.S.C. § 841(b)(1)(A), Harris's prior convictions subjected him to a mandatory-minimum sentence of life imprisonment, which became his Guidelines range. *See* U.S.S.G. § 5G1.1(b). Neither party objected to the PSR.

The government moved for a downward departure for substantial assistance under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and the district court granted the motion. Finding that life imprisonment first appeared for a defendant in criminal history category II at offense level forty-one, the district court departed downward two levels, resulting in a Guidelines range of 292–365 months' imprisonment.

The district court then entertained the parties' arguments regarding the 18 U.S.C. § 3553(a) factors. It sentenced Harris to 300 months' imprisonment and, at the government's request, dismissed the remaining counts against him.

II.

A.

Harris first argues that the 100:1 crack-to-powder ratio—which Congress relied on when enacting § 841(b)'s criminal penalties—creates a sentence so disproportionate to his crime as to violate the Eighth Amendment.

Harris failed to raise an Eighth Amendment challenge before the district court, and he advances no argument on appeal that his case presents an "exceptional circumstance" that warrants review of this issue. *See United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Given these failings, we consider the Eighth Amendment challenge forfeited.

Yet Harris's claim also fails on the merits. This court has consistently held that the 100:1 ratio survives Eighth Amendment scrutiny, *see United States v. Berry*, 290 F. App'x 784, 793 (6th Cir. 2008), even if it is based on now-debunked science-and-policy theories, *see United States v. Washington*, 127 F.3d 510, 516–18 (6th Cir. 1997). And our precedent comports with *Kimbrough v. United States*, 552 U.S. 85 (2007), despite Harris's assertion otherwise: *Kimbrough* says nothing about the constitutional validity of the ratio and thus "provides no reason to reconsider our constitutional rulings on the facts of this case." *Berry*, 290 F. App'x at 793. Finally, to the extent Harris attempts to raise an as-applied Eighth Amendment challenge, he insufficiently develops this

argument—and thus forfeits it—because he offers no explanation of how his sentence violates the

narrow-proportionality principle. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

B.

Harris next argues that the 100:1 ratio "lacks a substantive basis in fact or sound policy and

therefore violates due process."  Harris's substantive due process challenge fails on the merits for

the same reason as his Eighth Amendment challenge:  this court has held that the 100:1 ratio satisfies

substantive due process, and that decision binds us.  *See Washington*, 127 F.3d at 516–18.

C.

Finally, Harris attacks his sentence as unreasonable, criticizing the district court for (1) failing

to consider his acceptance of responsibility, (2) deeming him violent based on his arrest record and

previous convictions when considering the § 3553(a) factors, (3) ascribing undue weight to the

discredited 100:1 ratio, and (4) issuing a sentence greater than reasonably necessary.  When

reviewing a district court's sentence for reasonableness, we first "ensure that the district court

committed no significant procedural error," and "then consider the substantive reasonableness of the

sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).  In doing so, we apply "a deferential

abuse-of-discretion standard." *Id*. at 41.

The government attempts to forestall Harris's challenge by claiming that we lack jurisdiction

over his claims.  And, in fact, where "the district court grants a downward departure for substantial

assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal." *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005). But "a defendant may still appeal a sentence 'imposed in violation of the law [or] . . . imposed as a result of an incorrect application of the sentencing guidelines.'" *United States v. Bullard*, 390 F.3d 413, 415 (6th Cir. 2004) (alterations in original) (quoting 18 U.S.C. § 3742(a)(1)(2)).

Harris does not challenge the extent of his substantial-assistance departure, but rather argues for a variance and challenges the reasonableness of his sentence—rendering jurisdiction proper. *See United States v. Gapinski*, 561 F.3d 467, 475 n.3 (6th Cir. 2009) ("[T]he rule precluding review of the extent of a downward departure . . . would not preclude this court from reviewing the district court's consideration—or lack thereof—of a request for a *variance* based upon the § 3553(a) factors or the overall reasonableness of the sentence."). His contention that the district court improperly declined to apply an acceptance-of-responsibility departure because it failed to recognize its authority to apply the Guidelines provisions in any order it saw fit, moreover, essentially argues that the district court incorrectly applied the Guidelines, reinforcing that we may properly exercise jurisdiction. *See id.*; *United States v. Grant*, 636 F.3d 803, 809 (6th Cir. 2011) (en banc) (finding that the court had jurisdiction to consider an appeal where, "[a]lthough [the defendant] [was] ultimately seeking a greater reduction to his sentence," he "argu[ed] that the methodology the district court used to impose his sentence was in violation of the law"), *petition for cert. filed*, — U.S.L.W. — (U.S. Apr. 11, 2011) (No. 10-10011).

Exercising our lawful jurisdiction to review the reasonableness of Harris's sentence, we turn to the merits of his four arguments.

1.    Acceptance-of-Responsibility Departure

Harris challenges the district court for finding that, because the Guidelines require application of the acceptance-of-responsibility departure prior to application of the mandatory minimum, the mandatory minimum effectively nullified any such departure.  Relying on *United States v. Harris*, 339 F. App'x 533 (6th Cir. 2009), he contends that the district court failed to grasp both the advisory nature of the Guidelines and its discretion to consider issues out of order.

But Harris misconstrues *Harris*.  Though that case acknowledges the advisory nature of the Guidelines, the opinion does not hold that courts may ignore the Guidelines' sequential aspects. *Id*. at 538.  Rather, the Guidelines instruct courts to apply its provisions in a particular order and, specifically, to determine the base offense level and any adjustment for acceptance of responsibility before considering a departure under Parts H and K of Chapter Five. *See* U.S.S.G. § 1B1.1; *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) ("The *Guidelines Manual* explains that 'adjustments' are applied first to calculate a defendant's guideline range, while 'departures' are given only at the end of the sentencing process and after all adjustments have been applied." (citation omitted)).  To do otherwise would constitute procedural error. *See United States v. Brooks*, 628 F.3d 791, 795–96 (6th Cir. 2011).

In finding that the mandatory minimum nullified Harris's acceptance-of-responsibility departure, the district court simply applied the Guidelines sequentially and committed no abuse of discretion.

2.      Harris's Violent Conduct

Harris next criticizes the district court for considering his record of violence in the context of the § 3553(a) factors.  In light of the government's acknowledgment that the § 3553(a) factors are irrelevant when the district court considers a substantial-assistance downward-departure motion atop a mandatory-minimum sentence—and the considerable amount of time the district court spent discussing the § 3553(a) factors—we construe Harris's claim as a challenge to the district court's consideration of these factors generally.  Because this argument was not raised before the district court, we review for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).  Plain error requires that

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks and citations omitted).

Courts have a "limited ability [to issue] downward departures when a statutory mandatory minimum is involved." *Bullard*, 390 F.3d at 416. Sections 3553(e) and (f) "are the exclusive means by which a court may depart below the statutory minimum." *United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007). And "a [§ 3553(e)] departure . . . must be based *solely* upon the substantial assistance rendered by the defendant." *Bullard*, 390 F.3d at 416 (internal quotation marks and citation omitted); *see also Grant*, 636 F.3d at 813–14 ("We have rejected the notion that factors not related to cooperation may be considered in connection with a § 3553(e) motion."); *United States v. Cecil*, 615 F.3d 678, 695 (6th Cir. 2010) ("[A] district court's wish to impose a sentence beneath the mandatory minimum cannot be effectuated through resort to § 3553(a)."), *cert. denied*, 131 S. Ct. 1525 (2011).

The district court thus erred in considering the § 3553(a) factors before imposing Harris's sentence. And this error qualifies as plain. *See* 18 U.S.C. § 3553(e) (granting the district court authority to impose a sentence below a mandatory minimum only "so as to *reflect a defendant's substantial assistance* in the investigation or prosecution of another person who has committed an offense" (emphasis added)); *Bullard*, 390 F.3d at 416. This consideration, moreover, appears to have affected the outcome of the district court proceedings and the fairness, integrity, or public reputation of the proceedings. The court invited counsel "to speak to the Court regarding an appropriate sentence," and then told counsel "to bring to the Court's attention any 3553(a) factors that counsel believes would warrant a sentence above or below the guidelines in this case." After hearing the attorneys' arguments, the court discussed several § 3553(a) factors individually, including the need

for specific and general deterrence and Harris's history and characteristics. It then stated that it decided Harris's sentence "by taking into account all the factors in Section 3553(a), the facts and circumstances of this case, and [Harris's] unique personal circumstances and background." The court further noted that, even "if [it] had decided the 5K motion differently or if the Court had decided that the guideline range was different, the Court still would have reached the [same] conclusion" regarding Harris's sentence. The court's consideration of the § 3553(a) factors thus qualifies as plain error. *See Marcus*, 130 S. Ct. at 2164.

3. Unreasonable Weight to the 100:1 Ratio

Returning to his critique of the 100:1 ratio, Harris also faults the district court for "plac[ing] an 'unreasonable amount of weight' on the discredited" ratio. This substantive-unreasonableness challenge fails for two reasons. First, the district court does not appear to have accorded *any* weight to the ratio in its § 3553(a) analysis. And, second, to the extent that Harris contends the court should have exercised its discretion under *Kimbrough* to reconsider the propriety of the ratio when assessing the § 3553(a) factors, *see Kimbrough*, 552 U.S. at 104–05, we have already explained that the court plainly erred in considering the § 3553(a) factors at all.

4. Greater-than-Necessary Sentence

Finally, Harris attacks his sentence as greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553, claiming that the predicate offenses underlying the pre-departure life

sentence all occurred more than twenty years before the instant offense and were relatively small-scale distributions; that he maintained a "relatively drug free" lifestyle between the time he committed the predicate offenses and the instant offense; and that 300 months effectively equates to a life sentence.

But, as discussed above, in light of the mandatory minimum here, the district court lacked discretion to consider these extraneous circumstances when assessing the extent of Harris's § 3553(e) substantial assistance. *See Bullard*, 390 F.3d at 416.

III.

For the above reasons, we vacate Harris's sentence and remand for resentencing.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** Because the district court's consideration of Harris's past violent conduct in its weighing of the § 3553(a) factors did not affect Harris's substantial rights, I respectfully dissent. When the district court sentences a defendant below the statutory minimum pursuant to a § 3553(e) motion, its sentencing determination is limited to an analysis of the defendant's cooperation and the extent that the sentence should be reduced based on the context surrounding each case. *See United States v. Grant*, 636 F.3d 803, 816–18 (6th Cir. 2011) (en banc), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Apr. 11, 2011) (No. 10-10011). A defendant's criminal history is a "contextual consideration[]" that the district court may consider when determining the extent that a sentence should be reduced for the defendant's assistance. *See id.* at 817. Therefore, the district court's consideration of Harris's criminal history did not affect Harris's substantial rights and is not remediable plain error.

Instead of focusing on Harris's specific argument regarding his criminal history, the majority "construe[s] Harris's claim as a challenge to the district court's consideration of [the § 3553(a)] factors generally." Maj. Op. at 7. The majority's reasoning for taking this broad perspective of Harris's claim is the government's acknowledgment that the district court should not have sentenced Harris based on a § 3553(a) analysis. The government, however, acknowledges that the district court should not have sentenced Harris based on § 3553(a), yet asks us to affirm the sentence. Appellee Br. at 15 & n.2. I would consider only the specific claim raised by Harris regarding his criminal history and would conclude that the district court's consideration of his criminal history is not remediable plain error.

For these reasons, I respectfully dissent.