NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0061n.06

No. 10-1792

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 18, 2012**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

CORY KENT TRAXLER,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

BEFORE: KENNEDY, MARTIN, and STRANCH, Circuit Judges.

BOYCE F. MARTIN, JR. Cory Kent Traxler pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A probation officer prepared a presentence report, concluding that Traxler's base offense level was thirty-three because he is an armed career criminal under USSG § 4B1.4. The probation officer subtracted three levels for acceptance of responsibility, resulting in a total offense level of thirty. Based on this offense level and a criminal history category of V, Taxler's guidelines range was 151 to 188 months of imprisonment. Traxler, however, was subject to a mandatory minimum sentence of 180 months of imprisonment under 18 U.S.C. § 924(e), making his guidelines range 180 to 188 months of imprisonment. The district court granted the government's motion to depart downward from the statutory minimum sentence based on Traxler's substantial assistance, and the court sentenced Traxler to sixty months of imprisonment and three years of supervised release.

On appeal, the government argues that the district court erred by considering factors other than Traxler's substantial assistance when determining the extent to which it would depart downward from

the statutory minimum sentence. Because the government failed to raise this specific objection at Traxler's sentencing hearing, we review the issue for plain error. *See United States v. McIntosh*, 484 F.3d 832, 835-36 (6th Cir. 2007). "Plain error" means that an error is clear or obvious. *Id*. at 836. The error must have affected an individual's substantial rights, and seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *Id*.

A district court's decision to depart downward from the statutory minimum sentence under 18 U.S.C. § 3553(e), along with any extent of such departure, "must be based *solely* upon the substantial assistance rendered by the defendant." *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004) (internal quotation marks and citation omitted, emphasis in original). The district court, when determining its downward departure decision, explicitly considered several sentencing factors set forth in 18 U.S.C. § 3553(a).

The dissent respectively notes that in addition to the government's motion, Traxler had moved for a downward variance. The dissent feels that although the district court should have been more specific on how it reached its decision given the interplay with the two pending motions, because the district court reached a sentence that it felt was "sufficient, but not greater than necessary" to satisfy the requirements of § 3553(a), we should affirm the district court's judgment.

We have held that "there should be some indication of error in the record justifying" a remand for resentencing. *United States v. Guest*, 564 F.3d 777, 779 (6th Cir. 2009). Such an error exists in this case. The confusion that exists, i.e., how the district court reached its sentence in light of the government's and Traxler's pending motions, is a sufficient enough indication of an error to justify the remand. We are left to speculate whether the district court based its sentence strictly on the government's motion, while erroneously considering factors prohibited by *Bullard*; whether the district court reached its sentence strictly based on Traxler's motion; or whether the district court determined its sentence based on a combination of both motions. Without sufficient explanation by the district court, the sentencing transcript makes it appear that the district court relied on non-substantial assistance factors that are prohibited by *Bullard*. Thus, the district court's error constitutes plain error because the error was clear and affected the fairness of the sentencing proceeding. *See*

*Bullard*, 390 F.3d at 417; *see also United States v. Bostic*, 371 F.3d 865, 876-77 (6th Cir. 2004). Further, because the district court failed to adequately explain its chosen sentence, the sentence is deemed to be procedurally unreasonable and the case must be remanded for resentencing. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Massey*, No. 10-1335, 2011 WL 6260356, at *3 (6th Cir. Dec. 16, 2011); *United States v. Blue*, 557 F.3d 682, 684 (6th Cir. 2009).

Accordingly, we vacate Traxler's sentence and remand the case for resentencing.

**Jane B. Stranch**, dissenting. My review of the record reveals that Traxler's sentence resulted from the district court's grant of two separate motions. The majority opinion addresses only the government's motion for a downward departure based on substantial assistance, the grant of which rendered the statutory minimum sentence no longer applicable and allowed the court to depart from the bottom of the guideline range. But, following that analysis, the court asked the defense to argue its motion for a downward variance. After argument, the court engaged in a lengthy colloquy with Traxler about the severity of his criminal conduct and its effects, but also encouraged Traxler to continue his ongoing efforts to take responsibility for his criminal conduct and reform his life. The court then turned to the § 3553(a) factors that govern analysis of a downward variance and the sentence to be imposed.

To facilitate appellate review, it would have been preferable for the court to specify how far it departed downward based on substantial assistance and how far it varied downward based on other appropriate considerations. But I have no trouble concluding on the record as a whole that the court adequately explained why the sentence imposed was "sufficient, but not greater than necessary, to comply with" the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 46 (2007). The court observed that criminal history category V over-represented Traxler's criminal record where the reported convictions were ten years old, and applying the § 3553(a) factors, the court discussed the nature and circumstances of the offense, Traxler's history and characteristics, the seriousness of the offense, the need for just punishment and adequate deterrence, and the need to provide Traxler with vocational or educational programming in prison to further support his reformative goals. Because the sentence was sufficiently and properly explained, I would affirm. Accordingly, I respectfully dissent from the majority's opinion.